Cynthia Williams **FITZGERALD**,
Plaintiff,

v.

**UNITED METHODIST COMMUNITY
CENTER**, a Corporation,
Defendant.

Civ. No. 71–0–273.

United States District Court,
D. Nebraska.

Jan. 6, 1972.

Benjamin Wall, Omaha, Neb., for plaintiff.

Wilbur L. Phillips, Omaha, Neb., for defendant.

## MEMORANDUM AND ORDER

DENNEY, District Judge.

This matter comes before the Court on motion of the defendant, United Methodist Community Center, for an order (a) requiring plaintiff to elect either the state or federal courts for her remedy; (b) requiring plaintiff to submit an itemized list of damages; and (c) leave to utilize depositions and other discovery procedure [Filing #3]. By virtue of the Court's memorandum and order of November 12, 1971, there is also before the Court the question of whether the complaint as filed and amended properly alleges rights cognizable in this Court.

Initially, the Court notes that as to the requests for leave to discover and for an itemized list of damages, there is no indication by defendant that either of the items has been requested and refused. Under present procedure, an order allowing discovery in the federal

courts is required only in the event discovery is refused. 4A Moore's Federal Practice 34.19(1). Therefore, the Court finds that these portions of the motion have been brought prematurely and should be denied.

The rights sought to be sued upon here have been alleged as existing under 42 U.S.C.A. §§ 1981, 1985 and 2000e. The Court will take up each particular statute individually.

### RIGHTS PURSUANT TO 42 U.S.C.A. § 1981

§ 1981 provides:

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

■ It has been recognized by the Courts that claims of discrimination in employment are cognizable under § 1981. *See e. g.,* Waters v. Wisconsin Steel Works of International Harvester Co., 427 F.2d 476 [7th Cir. 1970]. However, the Court has not found, nor has counsel presented, a case where the employment discrimination claimed was based on other than race, whereas here the discrimination complained of is based on sex.

In recent years, the approach of the Supreme Court has been to accord the civil rights statutes, of which § 1981 is one, a sweep as broad as the language of the particular statute. Griffin v. Breckenridge, 403 U.S. 88, 97, 91 S.Ct. 1790, 29 L.Ed.2d 338 [1971].

■ The Court is of the opinion that applying this guidance of the Supreme Court to this case results in a finding that sex discrimination claims are not cognizable under § 1981. The statute, by its language, attempts to secure to all persons the rights "enjoyed by white citizens." Since *white* women were not exempt from sex discrimination, Congress could not by this statute have attempted to eradicate such discrimination by providing to all persons rights enjoyed by white citizens. Other courts have appeared to assume this premise and recent controversy has focused on whether private as well as public racial discrimination is reached under the statute, *Waters, supra,* 427 F.2d at p. 482. The power of the Congress to prohibit sex discrimination is undoubted, but its prohibition awaited the enactment of 42 U.S.C.A. § 2000e.

### RIGHTS PURSUANT TO 42 U.S.C.A. § 1985

§ 1985(3) provides:

(3) If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of

having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

■ Whether or not sex discrimination claims are cognizable under § 1985(3) need not be reached by the Court. The statute, by its language, prohibits only conspiracy and plaintiff has failed to allege any conspiracy herein. Absent such an allegation, the complaint should be dismissed. Weyandt v. Mason's Stores, Inc., 279 F.Supp. 283 [W.D.Pa.1968].

## RIGHTS PURSUANT TO 42 U.S.C.A. § 2000e.

■ Section 2000e–2(a) prohibits discrimination based on sex by an employer, but employers covered by the Act are limited by § 2000e(b) to those having twenty-five or more employees. Heretofore, plaintiff had not alleged and there was in fact some doubt that defendant could meet this requirement. However, plaintiff in her amended complaint has alleged that defendant's employees number in excess of twenty-five and this has not been rebutted by evidence of the defendant. The Court therefore finds that plaintiff has alleged a claim cognizable in this Court by virtue of 42 U.S.C.A. § 2000e.

## ELECTION OF REMEDIES

■ Defendant seeks to require plaintiff to elect between the remedies afforded via the Equal Opportunity Commission of the State of Nebraska and her federal claim under 42 U.S.C.A. § 2000e. The Court finds this at variance with the provisions of § 2000e–5(b), which states that:

(b) In the case of an alleged unlawful employment practice occurring in a State, or political subdivision of a State, which has a State or local law prohibiting the unlawful employment practice alleged and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, no charge may be filed under subsection (a) of this section by the person aggrieved before the expiration of sixty days after proceedings have been commenced under the State or local law, unless such proceedings have been earlier terminated, provided that such sixty-day period shall be extended to one hundred and twenty days during the first year after the effective date of such State or local law. If any requirement for the commencement of such proceedings is imposed by a State or local authority other than a requirement of the filing of a written and signed statement of the facts upon which the proceeding is based, the proceeding shall be deemed to have been commenced for the purposes of this subsection at the time such statement is sent by registered mail to the appropriate State or local authority.

The courts have applied the doctrine of election of remedies to this section where a plaintiff has pursued collective bargaining procedures to completion and then attempted to sue under this section. Washington v. Aerojet-General Corporation, 282 F.Supp. 517, 523 [C.D.Cal. 1968]. A different result must be reached where the doctrine is sought to be applied to force an election between state and federal remedies. A prerequisite to the bringing of a federal claim is that a state claim has been filed and sixty days since that filing have expired. § 2000e–5(b) (a). Thus, the concept of voluntariness explicit in the doctrine of election of remedies is entirely lacking in regards to the state claim. This result was reached in *Aerojet-General, supra,* at 522–523 wherein the Court stated that the plaintiff may pursue both his State and Federal remedies until one of the claims has reached decision. It is not argued herein that the Equal Opportunity Commission of the State of Ne-

braska has reached a decision on plaintiff's claim.

It is therefore ordered that defendant's request for leave to discover and for an itemized list of damages is denied. Plaintiff's claim under 42 U.S.C. A. §§ 1981 and 1985 will be dismissed, but retained as cognizable under 42 U. S.C.A. § 2000e. Plaintiff will not be required to elect between her state and federal remedies.