Dennis M. **FOYE**, Plaintiff,

v.

**UNITED A. G. STORES COOPERATIVE, INC.,** Defendant.

Civ. No. 71–O–386.

United States District Court, D. Nebraska.

Jan. 11, 1972.

Benjamin M. Wall, Omaha, Neb., for plaintiff.

John J. Powers and Melvin R. Katskee, Omaha, Neb., for defendant.

## MEMORANDUM AND ORDER

DENNEY, District Judge.

This matter comes before the Court on defendant's amended motion to dismiss [Filing #4].

Plaintiff alleges in this action that he was employed as a truck driver by defendant from June 3, 1968 until he was laid off on March 26, 1969. Plaintiff is black in skin color and alleges he was laid off before white employees with less seniority than he and that white employees with less seniority than he have been recalled to work but that he has not. Plaintiff alleges that such acts of defendants constitute racial discrimination, in violation of 42 U.S.C.A. §§ 1981, 1983 and 2000e et seq.

■ Defendant alleges that this action should be dismissed because the matter has already been determined adversely to the complainant by the Nebraska Equal Opportunity Commission. The Court construes this to mean that the State proceedings are res judicata to this action according to defendant. Section 2000e–5(b) requires a plaintiff to file his claim first with a State agency if one exists and the Court has previously discussed whether this is a binding election of remedies in Fitzgerald v. United Methodist Community Center, 335 F.Supp. 965 [D.Neb.1972]. Where the State proceedings have reached finality, this Court has held that it can be appropriate to apply the doctrine of res judicata. See Tooles v. Kellogg Company, 336 F.Supp. 14 [D.Neb.1972]. However, under the Federal Rules of Civil Procedure, such a defense cannot be raised in a motion under Rule 12(b). The Court is obligated to find that this portion of the motion should be overruled.

Defendant also alleges that the complaint should be dismissed because it does not specify that there has been compliance with the requirements of 42 U.S.C.A. § 2000e–5 that the Court might properly have jurisdiction.

■ It is stated by defendant that it is a fatal defect that defendant was not notified of the charges filed against it by the Federal Equal Opportunity Commission, as required by 42 U.S.C.A. § 2000e–5(a). The Court finds the allegation without merit. The courts that have considered similar questions have taken the position that the plaintiff is not responsible for acts or omissions of the Commission and that once the plaintiff has done everything that he can do to satisfy the requirements of the statute to pursue his administrative remedy he should not be adversely affected in seeking judicial relief. Quarles v. Philip Morris, Incorporated, 271 F.Supp. 842, 846–847 [E.D.Va.1967].

■ Defendant states that plaintiff has failed to allege that he has satisfied the timeliness requirements of 42 U.S.C.A. § 2000e–5(d). The Court finds such an allegation by plaintiff to be es-

**84**

sential to the complaint and without which this Court can give no relief under 42 U.S.C.A. § 2000e et seq., Nishiyama v. North American Rockwell Corporation, 49 F.R.D. 288 [C.D.Calif.1970].

Defendant attacks also both 42 U.S.C.A. § 1981 and § 1983 as providing no rights protected for which remedy may be sought in this suit. The Court has previously ruled in Fitzgerald v. United Methodist Community Center, *supra,* that employment discrimination claims are cognizable in a § 1981 suit. However, under § 1983 defendant must also act "under color of law", which does not appear from the pleadings herein.

It shall therefore be the order of this Court that defendant's amended motion to dismiss is overruled, with the exception that if plaintiff does not file an amendment to his complaint within ten (10) days from the date herein, properly alleging the timeliness requirements of 42 U.S.C.A. § 2000e–5(d), and the color of law requirements of 42 U.S.C.A. § 1983, then the motion will be sustained in part and the complaint will be dismissed insofar as the allegations regarding 42 U.S.C.A. §§ 1983 and 2000e et seq. are concerned.