**Pamela Ann STANSELL, for herself and for all others similarly situated, Plaintiff,**

**v.**

**SHERWIN–WILLIAMS COMPANY, Defendant.**

**No. C75–379A.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Sept. 30, 1975.

Joseph Ray Terry, Jr., Crosland, Myer, Rindskopf & Terry, Atlanta, Ga., for plaintiff.

Lloyd Sutter, O'Callaghan, Saunders, Sutter & Stumm, Atlanta, Ga., for defendant.

## ORDER OF COURT

MOYE, District Judge.

This is a civil rights class action seeking declaratory, injunctive, and other relief filed by plaintiff, Pamela Ann Stansell, against defendant, the Sherwin-Williams Company, pursuant to Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e, *et seq.* [hereinafter Title VII], and the Equal Pay Act of 1963, 29 U.S.C. § 206 *et seq.* [hereinafter the EPA]. The case is presently before the Court on defendant Sherwin-Williams's motion to dismiss.

Plaintiff Stansell is presently employed by defendant Sherwin-Williams as an assistant buyer. She was originally hired by Sherwin-Williams in 1967 as a Flexowrite Operator and reached her current position through a series of promotions. Her current salary is $745 per month. Plaintiff Stansell was forced by defendant to take maternity leave due to pregnancy on December 1, 1972, which was six days prior to the day authorized by her physician as being the date she should begin her leave. Plaintiff would have received a $50 per month salary increase had she worked beyond December 1.

Stansell contends that Sherwin-Williams has discriminated against her and the class she represents because of sex in violation of Title VII. Stansell contends that Sherwin-Williams requires its employees who become pregnant to take a forced maternity leave from their employment without regard to their ability to continue working; does not allow such employees to receive benefits including health insurance benefits for pregnancy, delivery, and miscarriages, and the use of sick leave available to male employees who are absent from work because of disabilities or who need to visit a physician; and denies such female employees pay increases as a result of forced maternity leave due to pregnancy. Moreover, Stansell alleges that Sherwin-Williams has refused to hire plaintiff and similarly situated females on an equal basis with males and has otherwise discriminated against such individuals with respect to promotion opportunities, compensation, terms, conditions, and privileges of employment because of sex.

Furthermore, Stansell contends that Sherwin-Williams has wilfully discriminated against her and the class she purports to represent in violation of Section 6(d)(1) of the EPA, 29 U.S.C. § 206, on the basis of sex by paying wages to her and to other females at rates less than the rates at which defendant pays wages to male employees for equal work, the performance of which requires equal skill, effort, and responsibility and which are performed under similar working conditions.

Stansell filed an unsworn charge of sex discrimination against Sherwin-Williams on December 7, 1972. On March 12, 1974, Stansell filed an amended charge under oath, making specific reference to the earlier charge. On July 31, 1974, the Equal Employment Opportunity Commission (EEOC) issued a determination letter which stated that Stansell's forced maternity leave was premature, malicious, and due to her sex, and that the defendant's exclusion of pregnancy as a disability constitutes discrimination because of sex. Furthermore, the EEOC determined that Stansell's allegations regarding unequal compensation between male and female employees was without merit.

By letter dated November 8, 1974, the EEOC notified Sherwin-Williams that the Commission had been unable to obtain voluntary compliance by conciliation, as provided by Section 706(b) of Title VII, and that unless defendant submitted a written request to reopen the conciliation proceedings within five days the Commission would notify Stansell of the failure of conciliation and her right to bring suit. On December 30, 1974, the plaintiff received a notice from the EEOC of her right to sue within 90 days due to the failure of conciliation efforts. Significantly, however, plaintiff's counsel has discovered that a letter dated November 21, 1974, was sent to plaintiff by the EEOC advising her that conciliation had failed. Plaintiff's Reply Memorandum to Defendant's Motion to Dismiss, p. 5. n.4. Plaintiff denies having received this letter. Suit was filed on February 28, 1975.

The issues presently before the Court are the following: first, whether plaintiff Stansell has satisfied the jurisdictional prerequisites under either Title VII or the EPA; second, whether plaintiff Stansell can maintain the present action as a class action; and third, whether defendant's maternity leave policy and other employment policies are violative of Title VII and the EPA.

Defendant Sherwin-Williams contends that certain jurisdictional prerequisites have not been met by Stansell. Defendant alleges that the Title VII claim filed on March 12, 1974, was filed more than 180 days after December 1, 1972, the date on which the personnel action complained of occurred, and is barred by the statute of limitation established by 42 U.S.C. § 2000e–5(e) (Supp. II 1972) which requires that a charge be filed with the EEOC within 180 days of the alleged discriminatory act. Defendant further alleges that the instant action

based upon Title VII was filed more than 90 days after either the November 8 or November 21 letters in which the EEOC notified the plaintiff that conciliation efforts had failed and is therefore barred by the statute of limitation established by 42 U.S.C. § 2000e–5(f)(1) (Supp. II 1972) which requires that suit be filed within 90 days of notice of failure of conciliation. Furthermore, Sherwin-Williams contends that the EPA claim was filed more than two years after December 1, 1972, the date on which the personnel action complained of occurred, and is barred by the statute of limitation established by 29 U.S.C. § 255(a) which requires that an action be commenced within two years after the cause of action occurred for non-wilful violation and three years for wilful violation.

Defendant Sherwin-Williams further asserts that a class action under Title VII cannot be maintained because the plaintiff cannot satisfy the numerosity prerequisite of Fed.R.Civ.P. 23(a)(1), due to the fact that only one to three salaried female employees of defendant have been on maternity leave annually. Inasmuch as 42 U.S.C. § 2000e–5(g) (Supp. II 1972) limits remedial action such as Stansell seeks to two years back from the date of the filing of the charge the class consists of no more than eight to ten employees and such a number, asserts Sherwin-Williams, does not satisfy the numerosity requirement of Rule 23(a)(1). Furthermore, Sherwin-Williams claims that plaintiff cannot maintain a class action under the EPA which is enforced under Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), which provides:

"No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."

No such consents have been filed with this Court.

Finally, Sherwin-Williams alleges that the Title VII claim should be dismissed on the basis of the holding in *Newmon v. Delta Air Lines, Inc.*, 374 F.Supp. 238 (N.D.Ga.1973), that Title VII does not entitle pregnant employees to insurance benefits and sick leave comparable to other disability benefits provided employees. With respect to the EPA claim, Sherwin-Williams contends that the claim is frivolous and that the EEOC determination that this claim lacked merit should act as a collateral estoppel to further prosecution of this claim.

Plaintiff contends that she has met the jurisdictional requirements of both Title VII and the EPA. Stansell filed an unsworn charge with the EEOC on December 7, 1972, well within the required 180-day filing period. Moreover, Stansell alleges that the 90-day period during which she was required to file suit commenced on December 30, 1974, when she received the right-to-sue letter from the EEOC and, therefore, this jurisdictional requirement was met by commencing the action on February 28, 1975. With regard to the two-year statute of limitation of the EPA, Stansell argues that this is not an ironclad rule and, in keeping with the equitable principle announced in *Burnett v. New York Railroad Co.*, 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965), this two-year period should be tolled during the time that plaintiff was pursuing relief under Title VII as she was clearly not "sleeping on her rights." Moreover, Stansell notes that the EPA imposes a three-year statute of limitation for wilful violations, 29 U.S.C. § 255, and contends that the Court cannot decide the question of "wilfulness" at this stage so as to eliminate the three-year statute of limitation.

With regard to the maintenance of a class action, Stansell alleges that the Court should not determine the Title VII class action issue until after discovery and that this is an inappropriate stage of the proceedings to rule on the class action question.

**700**

As to the mandatory nature of defendant's maternity leave policy, Stansell asserts that even *Newmon v. Delta Air Lines, Inc., supra,* found such a forced policy unlawful. Moreover, Stansell notes that the holding of *Newmon,* that denial of disability benefits to pregnant employees does not violate Title VII, is now inconsistent with the decisions by three Circuits, *Wetzel v. Liberty Mutual Insurance Co.,* 511 F.2d 199 (3d Cir. 1975); *cert. granted,* 421 U.S. 987, 95 S.Ct. 1989, 44 L.Ed.2d 476 (1975); *Communications Workers of America, et al. v. American Telephone and Telegraph Co.,* 513 F.2d 1024 (2d Cir. 1975); *Holthaus v. Compton & Sons, Inc.,* 514 F.2d 651, (8th Cir. 1975).

In addition, Stansell asserts that there are substantial questions of fact as to her equal pay claim and that the EEOC determination on this allegation is irrelevant and should not act as a collateral estoppel. *Beverly v. Lone Star Lead Construction Corp.,* 437 F.2d 1136 (5th Cir. 1971).

 As a preliminary matter the Court must resolve the jurisdictional defects alleged by defendant Sherwin-Willians. It appears from the pleadings that defendant was not aware of the unsworn charge filed with the EEOC on December 7, 1972. Nevertheless, this charge filed six days after the alleged maternity leave violation clearly meets the jurisdictional requirement of 42 U.S.C. § 2000e–5(e) (Supp. II 1972). The other allegations of unlawful employment practices under Title VII are of a continuous nature and, therefore, the 180-day limitations period for filing a charge with the EEOC does not apply. *Mixson v. Southern Bell Tel. & Tel. Co.,* 334 F. Supp. 525 (N.D.Ga.1971). The amended charge of March 12, 1975, relates back to the original charge and is therefore timely. *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455 (5th Cir. 1970).

 The question surrounding the 90-day period during which suit must be filed is more difficult. This requirement is codified in Section 706(f)(1)

of Title VII which, in relevant part, provides that:

> "If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later, the Commission has not filed a civil action under this section . . . or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, *the Commission \* \* \* shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge* (A) by the person claiming to be aggrieved or (B) if such charge was filed by a member of the Commission, by any person whom the charge alleges was aggrieved by the alleged unlawful employment practice" [emphasis added].

42 U.S.C. § 2000e–5(f)(1). A Title VII complainant must not only receive and act upon the appropriate notice from the EEOC, but he must do so in a timely fashion since compliance with the 90-day limitation period is a "mandatory and jurisdictional" condition to asserting a private suit. *Genovese v. Shell Oil Co.,* 488 F.2d 84 (5th Cir. 1973). This District Court, in *Barfield v. ARC Security,* Civil Action No. C74–2448A (April 25, 1974), has held that the only notice required is that which notifies the complainant that efforts to conciliate have failed. The letter of November 8, 1974, addressed to the defendant Sherwin-Williams was not such a notice. However, there is no mention in Title VII of a specific "Right to Sue" letter. The notice of December 30, 1974, entitled "Notice of Right to Sue Within 90 Days" informed Stansell that conciliation efforts had failed and that she had 90 days in which to file suit. If this was the only such notice received by Stansell

then she has met the 90-day requirement as the instant action was filed within 90 days of this notice. However, plaintiff's counsel has indicated that the EEOC sent a notice of failure to conciliate to Stansell on November 21, 1974. This notice satisfies the mandate of the statute and if received by Stansell more than 90 days before she filed suit then she has failed to meet the 90-day jurisdictional requirement. Stansell denies having received this notice and as the Court cannot determine at this stage if and when such notice was received the Court must reserve ruling on whether or not plaintiff has satisfied the 90-day requirement. The Court notes that several of the decisions relied upon in the *Barfield* opinion have been reversed by the Eighth Circuit in *Tuft v. McDonnell-Douglas Corp.*, 517 F.2d 1301 (8 Cir. 1975), which holds that it is the final "Right to Sue" letter, analogous to the letter received by Stansell on December 30, 1974, which determines the beginning of the 90-day period despite any prior notice of failure to conciliate the claim. However, this Eighth Circuit opinion is not controlling in this Court. Furthermore, the reaffirmance of *Barfield* in *Kelly v. Southern Products Co.*, C.A. No. 19243 (N.D.Ga. June 14, 1975), reinforces the holding of *Barfield* in this Court.

■ With respect to the EPA, Stansell has failed to meet the two-year statute of limitations required by 29 U.S.C. § 255(a). In *Johnson v. Railway Express Agency*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975), the Supreme Court held that the timely filing of an employment discrimination charge with the EEOC pursuant to § 706 of Title VII, does not toll the running of the limitation period applicable to an action, based on the same facts, brought under 42 U.S.C. § 1981. The rationale of the Supreme Court's opinion is dispositive of the issue in the instant case. The EPA and Title VII are independent avenues of relief and the administrative machinery of Title VII is not a prerequi-

site for the institution of an action under the EPA. Congress did not expect that an action under the EPA would be resorted to only upon completion of Title VII procedures. Stansell could have filed her EPA claim well within the statutory two-year period. To paraphrase the Supreme Court, in a very real sense Stansell has slept on her rights. The fact that her slumber may have been induced by faith in the adequacy of her Title VII remedy is of little relevance inasmuch as the two remedies are independent.

The Court refrains from ruling on the issue of "wilfulness" at the present time as certain factual issues remain to be resolved. If the alleged discrimination is found to be wilful then Stansell has met the three-year limitation requirement and her EPA claim will have at least met the jurisdictional mandate of 29 U.S.C. § 255(a).

■ As to the maintenance of a class action under Title VII, the Court finds that it is inappropriate to rule at the present time. Inasmuch as plaintiff Stansell purports to represent the class in all of her Title VII claims, of which the maternity leave policy of Sherwin-Williams is but one, and the defendant has only raised the lack of numerosity with regard to the maternity leave issue, the Court defers ruling on the Title VII class action question until such time as a class determination hearing is held. With regard to the maintenance of a class action under the EPA the recent opinion of the Fifth Circuit in *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286 (5 Cir. 1975), is dispositive. The court in *LaChapelle* held that under Section 16 (b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b) [FLSA], no person can become a party plaintiff and no person will be bound by, or may benefit from, judgment entered under the FLSA unless that individual has affirmatively "opted into" the class by giving written, filed consent. Such actions cannot be maintained as class actions under Fed.R. Civ.P. 23. Inasmuch as the EPA is en-

forced under Section 16(b) of the FLSA and no written consents have been filed with the Clerk of this Court, plaintiff Stansell cannot maintain her class action under the EPA as a matter of law.

■ The Court finds that defendant Sherwin-Williams's motion pursuant to Fed.R.Civ.P. 12(b)(6), failure to state a claim upon which relief may be granted, must be denied. Defendant even admits that a genuine issue exists as to material facts with respect to plaintiff's EPA claim. Defendant's Supplemental Memorandum in Response to Plaintiff's Reply Memorandum, p. 5. Until these factual issues regarding compensation and job responsibilities of male and female employees of Sherwin-Williams are resolved, a Rule 12(b)(6) motion is inappropriate. Moreover, the EEOC determination that the EPA claim is without merit does not act as a collateral estoppel of this allegation in the case at bar. *McDonnell-Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Beverly v. Lone Star Lead Construction Corp.,* 437 F.2d 1136 (5th Cir. 1971).

■ The defendant's motion to dismiss Stansell's Title VII claim is also denied. *Newmon v. Delta Air Lines, supra,* held that requiring pregnant employees to take maternity leave at a certain time without giving consideration to the individual abilities of such employees to continue working amounts to discrimination based upon sex and is violative of Title VII. Inasmuch as Stansell was required to take maternity leave prior to the date authorized by her physician, such maternity leave resulting in a loss of a pay increase, the factual question of whether or not the holding of *Newmon* was violated by Sherwin-Williams remains to be resolved.

■ As to the question of disability benefits and sick leave for pregnant employees on maternity leave, the defendant's interpretation of *Newmon* is correct. *Newmon* held that the exclusion of such benefits for pregnancy did not violate Title VII. However, subsequent to *Newmon* three Circuits have held to the contrary. *Wetzel v. Liberty Mutual Insurance Co., supra; Communications Workers of America, et al. v. American Tel. & Tel. Co., supra; Holthaus v. Compton & Sons, Inc., supra.* These cases have all held that an employer's failure to provide equal rights, benefits, and privileges to females under temporary disability due to pregnancy and childbirth while male employees were granted benefits for temporary disabilities is a violation of Title VII. The *Newmon* decision was one of first impression in this District Court and did not have the benefit of the decisions of these three Circuits. Although *Newmon* is a decision arising out of this District Court, this Court finds that under the greater weight of authority plaintiff Stansell's claims regarding the denial of disability benefits and sick leave does state a claim under Title VII upon which relief may be granted.

In summary, the Court finds the following: (1) plaintiff has satisfied the 180-day jurisdictional requirement of Title VII, 42 U.S.C. § 2000e–5(e) (Supp. II 1972); (2) a factual issue remains to be resolved regarding receipt by plaintiff of the November 21, 1974, failure to conciliate letter upon which hinges the 90-day jurisdictional requirement of Title VII, 42 U.S.C. § 2000e–5(f)(1) (Supp. II 1972); (3) plaintiff has failed to meet the two-year limitation period established by the EPA, 29 U.S.C. § 255(a) (1972), but, depending on the resolution of the question of "wilfulness," she may be able to maintain her EPA claim based upon the three-year limitation period; (4) determination of maintenance of a class action under Title VII is inappropriate at the present time and the Court defers ruling until such time that a class determination hearing is held; (5) plaintiff cannot maintain a class action under the EPA as a matter of law, 29 U.S.C. § 216(b); (6) defendant's Rule 12(b)(6) motion as to the EPA claim is denied inasmuch as factual issues remain to be

resolved which are dispositive of the issues; (7) defendant's Rule 12(b)(6) motion as to the maternity leave issue under Title VII is denied inasmuch as a factual issue exists as to the mandatory nature of defendant's maternity leave policy and the decisions of three Circuits regarding disability benefits for pregnant employees establishes a claim under Title VII upon which relief may be granted.

Accordingly, defendant Sherwin-Williams's Motion to Dismiss is hereby ordered granted in part and denied in part.

### ORDER OF COURT

In the Court's order of September 30, 1975, in the instant action, the Court, reaffirming the decisions in *Barfield v. ARC Security*, Civil Action No. C74–2448 (N.D.Ga., April 25, 1974), and *Kelly v. Southern Products Co.*, Civil Action No. 19243 (N.D.Ga., June 14, 1975), held that the initial notice sent by the EEOC to a charging party informing her that conciliation efforts have failed and that she may request a right to sue from the EEOC, satisfies the mandate of Section 706(f)(1) of Title VII and thus triggers the 90-day period during which suit must be filed by the charging party. The Court noted that such a letter, dated November 21, 1974, was allegedly sent by the EEOC to the plaintiff. The letter stated the following:

> "This letter confirms that our efforts have been unsuccessful in the conciliation of the above referenced case. Pursuant to Section 706(f) of Title VII you may request a right to sue, if you so desire."

The Court held that if such a letter was, in fact, received by plaintiff then she failed to meet the 90-day requirement inasmuch as suit was not filed until February 28, 1975. However, since a factual dispute existed regarding receipt by the plaintiff of the November 21, 1974, letter, the Court deferred ruling on the 90-day jurisdictional prerequisite.

Subsequent to the Order of September 30, 1975, plaintiff Stansell submitted an affidavit in which she admits receiving the November 21, 1974, notice from the EEOC. However, Stansell claims, under oath, that she interpreted the notice as meaning that she could request a "right to sue" letter and could not file suit until such "right to sue" letter was actually issued by the EEOC. On December 30, 1974, Stansell received a notice entitled "Right to Sue Within 90 Days" informing her of her right to file suit and secure legal assistance. She interpreted this letter as triggering the 90-day period.

Based upon the language in the Court's order of September 30, 1975, and upon Stansell's admitted receipt of the November 21, 1974, notice, defendant Sherwin-Williams has submitted a renewed motion to dismiss plaintiff's Title VII claim for lack of subject matter jurisdiction. Alternatively, plaintiff has submitted a motion for reconsideration and to alter or amend the order of September 30, 1975.

Upon a re-examination of the facts in the action at bar, the legal issues involved, and in light of this Court's decision in *Roberts v. H. W. Ivey Construction Co., Inc.*, Civil Action No. C74–1996A (N.D.Ga., November 5, 1975), the Court hereby modifies its order of September 30, 1975.

The facts in *Roberts* are similar to those in the case at bar. Having filed a Title VII charge with the EEOC, Roberts received a notice of failure to conciliate from the EEOC which is identical to the November 21, 1974, notice received by Stansell. Similarly, Roberts thereafter received a notice entitled "Right to Sue Within 90 Days." Roberts filed suit more than 90 days after receipt of the initial notice. The Court in *Roberts* reaffirmed the *Barfield, supra,* and *Kelly, supra,* decisions yet noted that the authority relied upon in those decisions had subsequently been reversed or modified. *See Tuft v. McDonnell-Douglas Corp.*, Civil Action No. 74–1890 (May 27, 1975) (final "Right to Sue" let-

ter triggers the 90-day period), reversing *Tuft v. McDonnell-Douglas Corp.*, 385 F.Supp. 184 (E.D.Mo.1974); *Whitfield v. Certain-Teed Products Corp.*, 389 F.Supp. 274 (E.D.Mo.1974); and *Harris v. Sherwood Medical Industries*, 386 F. Supp. 1149 (E.D.Mo.1974); *DeMatteis v. Eastman Kodak Co.*, 520 F.2d 409 (2d Cir., 1975) (although the initial notice triggers the 90-day period, if plaintiff can show that he was misled by the EEOC's action in sending two notices then the second "Right to Sue" letter would be held to trigger the 90-day period). Therefore, the Court in *Roberts* held that, although the initial notice satisfies the mandate of Section 706(f)(1), if the plaintiff can establish that he was misled by the action of the EEOC in sending two notices then the Court will consider the second notice as triggering the 90-day period during which suit may be filed.

The mandate of Section 706(f)(1) is merely that the complainant be informed by the EEOC that conciliation efforts have failed. Any additional information explaining the right to file suit within 90 days and the right to obtain counsel, while very helpful to a complainant, is not required by Section 706 (f)(1). The notice of Section 706(f)(1) is intended merely to notify the charging party that administrative remedies have been exhausted, opening the door to judicial resolution if the charging party chooses to pursue that course. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Beverly v. Lone Star Lead Const. Co.*, 437 F.2d 1136 (5 Cir. 1971).

The time limitations of Section 706(f)(1) must be strictly construed. *DeMatteis v. Eastman Kodak Co., supra.* An opinion to the contrary would permit the EEOC, by sending a second "right to sue" letter, to disregard the Congressional mandate that a charging party shall have 90 days after being notified of the failure of conciliation in which to bring suit. Neither the EEOC nor this Court has the power to amend the law thus enacted by Congress. "If our conduct is to be governed by laws constitutionally enacted by the people's elected representatives the Courts cannot sanction amendments by administrative agency personnel." *Kelly v. Southern Products Co., supra,* at page 4.

█ As stated in *Roberts*, the Court sees no reason to disagree with the holdings in *Barfield v. ARC Security, Inc., supra,* and *Kelly v. Southern Products, supra,* that the 90-day period in which suit must be filed begins to run upon notification from the EEOC that conciliation efforts have failed. However, in light of the judicial turnabouts regarding this issue in both the Eighth Circuit's decision in *Tuft v. McDonnell-Douglas Corp., supra,* and the Second Circuit's opinion in *DeMatteis v. Eastman Kodak Co., supra,* and the EEOC's abandonment of the two letter procedure, the Court realizes that the complainant might have been confused by the EEOC's procedure of sending two letters. As stated in *DeMatteis v. Eastman Kodak Co.*:

"It would be inequitable under such circumstances and would frustrate the remedial purpose of the Civil Rights Act, to apply the decision of this court so as to bar the claim of a party who filed suit within the period recommended by the administrative body which had been established to vindicate such statutory rights."

Plaintiff Stansell has stated, in fact, she was confused by the EEOC's practice of sending two letters. It appears to the Court that plaintiff's interpretation of the November 21 notice is entirely understandable, particularly in light of the "Right to Sue" letter dated December 30 which she received.

The Court notes that the EEOC has abandoned its practice of sending two letters to complainants regarding failure of conciliation efforts and right to sue. CCH LLR, Employment Practices, ¶ 5318. Thus the confusion regarding satisfaction of the 90-day filing require-

ment will be confined to a limited number of complainants. Inasmuch as plaintiff was clearly misled by the action of the EEOC, the Court will consider the notice of December 30 as beginning the 90-day filing period established by Section 706(f)(1). By so holding, the Court is merely indicating that in light of the equities in this particular case it would be improper to deny Stansell her right to bring suit under Title VII. In the absence of any legitimate confusion and actual prejudice resulting from the two notices, the first notice received by Stansell would undoubtedly have triggered the 90-day period.

Accordingly, the defendant's motion to dismiss is hereby ordered denied.