Melvin ROBERTS, Plaintiff,

v.

H. W. IVEY CONSTRUCTION COMPANY, INCORPORATED, Defendant.

Civ. A. No. C74-1996A.

United States District Court,
N. D. Georgia,
Atlanta Division.

Nov. 5, 1975.

Supplemental Opinion Dec. 1, 1975.

---

S. Ralph Martin, Jr., Atlanta, Ga., for plaintiff.

William M. Pate, Atlanta, Ga., for defendant.

## ORDER OF COURT

MOYE, District Judge.

This is a civil rights action seeking declaratory, injunctive and other relief, filed by Melvin Roberts, plaintiff, against the H. W. Ivey Construction Co., Inc., defendant, pursuant to Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e, *et seq.* (Title VII), and 42 U.S.C. § 1981. The case is presently before the Court on defendant H. W. Ivey's motion to dismiss or for summary judgment.

Roberts was employed by defendant H. W. Ivey on January 4, 1971, as a brick mason and union steward. He was discharged on April 2, 1971, and, on that same day, he filed a charge with the Equal Employment Opportunity Commission (EEOC) alleging that his discharge was because of his race. On May 23, 1974, the EEOC informed Roberts by letter that conciliation efforts had failed and that he could request a right to sue pursuant to Section 706(f) of Title VII, if he so desired. Thereafter, on July 11, 1974, Roberts received a second letter from the EEOC, entitled "Notice of Right to Sue Within 90 Days," in which he was again notified of the failure of conciliation efforts and fully advised of his right to sue within 90 days after receipt of the letter and of his right to secure counsel. Roberts instituted the instant action on October 8, 1974.

There are two issues presently before the Court. First, whether plaintiff's Section 1981 claim is barred by the Georgia two-year statute of limitations codified at Ga.Code Ann. § 3–704, and second, whether plaintiff has fulfilled the requirement of Section 706(f)(1) of Title VII that suit be filed within 90 days of notice from the EEOC that conciliation efforts have failed.

Defendant H. W. Ivey asserts that the two-year limitations period under Ga. Code Ann. § 3–704 is applicable to actions under Section 1981 and that the filing of a charge with the EEOC does not toll the limitations period. *Johnson v. Railway Express Agency*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295, 43 U.S.L.W. 4623 (1975). Furthermore, defendant claims that plaintiff has failed to meet the requirement of Section 706(f)(1) of Title VII, 42 U.S.C. § 2000e–5(f)(1), that suit be brought within 90 days after the charging party is informed by the EEOC that conciliation efforts have failed. H. W. Ivey contends that the notice of May 23, 1974, satisfied the statutory mandate and began the running of the 90-day period.

Plaintiff recognizes that the statute of limitations for a Section 1981 action is governed by Ga.Code Ann. § 3–704 but argues that the Supreme Court's opinion in *Johnson v. Railway Express*

*Agency, supra,* should not apply retroactively, particularly in light of *Boudreaux v. Baton Rouge Machine Contracting Co.,* 437 F.2d 1011 (5 Cir. 1971), which held that the filing of a charge with the EEOC does toll the limitations period for a Section 1981 action. Furthermore, plaintiff argues that the notice of July 11, 1974, intended by the EEOC to trigger the 90-day period during which suit may be filed, did in fact begin the 90-day period. Moreover, plaintiff asserts that the opinions of this District Court in *Barfield v. ARC Security,* Civil Action No. C74–2448A (N.D.Ga., April 25, 1974), and *Kelly v. Southern Products Co.,* Civil Action No. 19243 (N.D.Ga., June 14, 1975), holding that the first letter sent by the EEOC triggers the 90-day period, should not be applied retroactively.

In *Barfield v. ARC Security, supra,* the Court held that the only notice required by Section 706(f)(1) is that which notifies the complainant that efforts to conciliate have failed. The notice in *Barfield* which was held to trigger the 90-day period is similar to the letter of May 23, 1974 in the action at bar. In so holding the Court in *Barfield* relied upon the following decisions of the United States District Court for the Eastern District of Missouri: *Whitfield v. Certain-Teed Products Corp.,* 9 F.E.P. 5 (1974); *Tuft v. McDonnell-Douglas Corp.,* 8 F.E.P. 1168 (1974); and *Harris v. Sherwood Medical Industries,* 8 F.E.P. 1143 (1974), and upon *DeMatteis v. Eastman Kodak Co.,* 9 E.P.D. ¶ 9958 (2 Cir. 1975).

Subsequent to *Barfield,* the Eighth Circuit, in *Tuft v. McDonnell-Douglas Corp.,* 517 F.2d 1301 (1975), reversed the decisions of the Missouri District Court, holding that it is the final "Right to Sue" Letter, analogous to the letter received by Roberts on July 11, 1974, which determines the beginning of the 90-day period despite any prior notice of failure to conciliate the claim.

Nonetheless, this District Court, in *Kelly v. Southern Products Co., supra,* discounted the opinion in *Tuft v. McDon-*

*nell-Douglas Corp., supra,* and reaffirmed the holding of *Barfield,* relying principally on the Second Circuit's opinion in *DeMatteis v. Eastman Kodak Co., supra.*

However, subsequent to the decision in *Kelly v. Southern Products Co., supra,* the Second Circuit modified its decision in *DeMatteis v. Eastman Kodak Co.,* 520 F.2d 409 (1975), holding that its earlier decision would apply prospectively only and remanding the case to the District Court to determine if DeMatteis was misled by the EEOC's action in sending two notices; the Second Circuit directed that if the District Court finds that DeMatteis was so misled then the second EEOC notice would be construed as triggering the 90-day period.

The Court notes that the EEOC has abandoned its practice of sending two letters to complainants regarding failure of conciliation efforts and right to sue. CCH LLR, Employment Practices ¶ 5318. Thus the confusion regarding satisfaction of the 90-day requirement will be confined to a limited number of complainants.

The mandate of Section 706(f)(1) is merely that the complainant be informed by the EEOC that conciliation efforts have failed. Any additional information explaining the right to file suit within 90 days and the right to obtain counsel, while very helpful to a complainant, is not required by Section 706(f)(1). The notice of Section 706(f)(1) is intended merely to notify the charging party that administrative remedies have been exhausted, opening the door to judicial resolution if the charging party chooses to pursue that course. *See McDonnell-Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Beverly v. Lone Star Lead Const. Co.,* 437 F.2d 1136 (5 Cir. 1971).

The time limitations of Section 706(f)(1) must be strictly construed. *DeMatteis v. Eastman Kodak Co., supra.* An opinion to the contrary would permit the EEOC, by sending a second "right to

sue" letter, to disregard the Congressional mandate that a charging party shall have 90 days after being notified of the failure of conciliation in which to bring suit. Neither the EEOC nor this Court has the power to amend the law thus enacted by Congress. "If our conduct is to be governed by laws constitutionally enacted by the people's elected representatives the Courts cannot sanction amendments by administrative agency personnel." *Kelly v. Southern Products Co., supra,* at page 4.

The Court sees no reason to disagree with the holdings in *Barfield v. ARC Security, Inc., supra,* and *Kelly v. Southern Products Co., supra,* that the 90-day period in which suit must be filed begins to run upon notification from the EEOC that conciliation efforts have failed. However, in light of the judicial turnabouts regarding this issue in both the Eighth Circuit's decision in *Tuft v. McDonnell-Douglas Corp., supra,* and the Second Circuit's opinion in *DeMatteis v. Eastman Kodak Co., supra,* and the EEOC's abandonment of the two letter procedure, the Court realizes that the complainant might have been confused by the EEOC's procedure of sending two letters. As stated in *DeMatteis v. Eastman Kodak Co.*:

> "It would be inequitable under such circumstances, and would frustrate the remedial purpose of the Civil Rights Act, to apply the decision of this court so as to bar the claim of a party who filed suit within the period recommended by the administrative body which had been established to vindicate such statutory rights."

If Roberts was misled by the action of the EEOC, then the Court will consider the letter of July 11, 1974, to trigger the 90-day period during which suit may be filed. If, on the other hand, the Court finds that Roberts was not misled by any action of the EEOC then the letter of May 23, 1974, will be considered the notice beginning the 90-day period. Accordingly, the plaintiff has 15 days to provide the Court with facts tending to establish that the plaintiff was misled by the action of the EEOC. Defendant H. W. Ivey may submit an additional brief addressing this issue if it so desires.

The Court defers ruling on the defendant's motion to dismiss and for summary judgment at the present time.

## ORDER OF COURT AND SUPPLEMENTAL OPINION

Pursuant to the Court's order dated November 5, 1975, in the instant action, plaintiff has submitted his own affidavit and that of T. McPherson, District Director of the EEOC, as proof that plaintiff was misled by the EEOC's practice of sending two letters regarding failure of conciliation efforts and right to sue.

Roberts affirms that he was confused by the two letters and interpreted the notice of May 23, 1974, as meaning that he could request a "right to sue" letter and could not file suit until such "right to sue" letter was actually issued by the EEOC. Plaintiff further states that he understood the notice of July 11, 1974, entitled "Right to Sue Within 90 Days," as his only authorization to file suit and as triggering the 90-day period during which suit must be filed. The affidavit of T. McPherson states that the EEOC intended the July 11 notice to be the statutory notice required by Section 706(f)(1) and that the first notice, sent on May 23, was merely to warn the plaintiff that conciliation efforts had failed.

The intent of the EEOC in this regard is not relevant. As the Court already stated in its Order of November 5, 1975, the initial letter dated May 23 stating that conciliation efforts had failed satisfies the mandate of Section 706(f)(1). *See Barfield v. ARC Security,* Civil Action No. C74–2448 (N.D.Ga. April 25, 1974); *Kelly v. Southern Products Co.,* Civil Action No. 19243 (N.D.Ga. June 14, 1975). The EEOC cannot be permitted to extend the time period established by the statute during which the charging party may file suit by sending the second notice.

Nevertheless, Roberts' alleged confusion and his interpretation of the two notices sent him by the EEOC is entirely understandable. Inasmuch as the main purpose of Title VII is remedial in nature and as Roberts was clearly misled by the action of the EEOC, the Court will consider the notice of July 11 as beginning the 90-day filing period established by Section 706(f)(1). By so holding, the Court is merely indicating that in light of the equities in this particular case it would be improper to deny Roberts his right to bring suit under Title VII. See *Stansell v. Sherwin-Williams Co.*, 404 F.Supp. 696 (N.D.Ga.1975).

Accordingly, the defendant's motions to dismiss and for summary judgment are hereby ordered denied.