Candace GARVIN, Individually and on behalf of all others similarly situated, Plaintiff,

v.

AMERICAN LIFE INSURANCE COMPANY, a Delaware Corporation, Defendant.

Civ. A. No. 75–183.

United States District Court, D. Delaware.

July 14, 1976.

John S. Grady of Bader, Dorsey and Kreshtool, Wilmington, Del., for plaintiff.

F. Alton Tybout and Jeffrey S. Goddess of Tybout & Redfearn, Wilmington, Del., Philip C. Lederer and Paul J. Cherner of Lederer, Fox & Grove, Chicago, Ill., for defendant.

## OPINION

STAPLETON, District Judge:

Plaintiff has filed this action on behalf of herself and others similarly situated alleging that defendant American Life Insurance Company has engaged in a pattern and practice of discriminating against women in hiring, advancement, conditions and benefits, in violation of Title VII of the Civil Rights Act of 1964. Plaintiff seeks, *inter alia,* a declaratory judgment, an injunction requiring defendant to cease discriminating against plaintiff and members of the class she represents, an order of the Court requiring defendant to establish and fairly implement non-discriminatory plans with respect to hiring, promoting, advancement and recruitment, and an award of back pay. Defendant has filed a motion to dismiss, a motion to strike certain allegations of the complaint, and a motion for more definite statement. Pursuant to the Court's order, defendant also filed at the same time its objections to answering interrogatories propounded by plaintiff. This Opinion records the Court's view with respect to defendant's motion to dismiss. Decision of the other matters before the Court will be deferred until the further proceedings contemplated by this Opinion have been completed.

Defendant contends that this action should be dismissed because plaintiff did not file her complaint with this Court within the time specified in Section 706(f)(1) of Title VII, and because defendant was not timely notified that charges had been filed with the Equal Employment Opportunity Commission ("EEOC") as required by Section 706(b) of Title VII. In the alternative, defendant contends that the allegations in plaintiff's complaint do not constitute sex discrimination within the meaning of Title VII of the Civil Rights Act of 1964, as amended, and that consequently the complaint should be dismissed for failure to state a claim for which relief can be granted.

The complaint and affidavits reflect the following facts. Plaintiff was hired by the defendant on June 21, 1971 as an Audit Clerk and was discharged on December 3, 1971. On December 9, 1971 she filed a charge of discrimination with the EEOC. On that same date she authorized the EEOC to assume jurisdiction over her charge 60 days after the appropriate state agency has acted thereon. The records of the Delaware EEOC reflect that on December 29, 1971 a letter from Mr. Norman Barron of the Delaware office was sent to Mr. William Bradley of the Baltimore district office acknowledging the complaint. On May 8, 1972 the EEOC records reflect a letter was sent to the American Life Insurance Company informing them that a charge of employment discrimination had been filed against it. On May 23, 1973 the Commission found reasonable cause to believe that defendant had been discriminated against on the basis of sex. On November 19, 1974 the EEOC wrote to Ms. Garvin and stated:

Please be advised that conciliation endeavors to resolve your case have been unsuccessful. Pursuant to 29 CFR 1601.23 and 29 CFR 1601.25, the Commission has terminated its efforts to conciliate the matter and the case file is being forwarded to our office of general counsel for possible legal action. However, you have the right to commence a lawsuit on your own. If you wish to do so please call Valerie L. Olson, Esq., of this office, collect at 301-962-3932 for a notice of Right to Sue in Federal District Court, and also if you need help in locating an attorney.

The return receipt reflects that the letter was received on November 22, 1974.

On March 6, 1975 plaintiff first came to the office of Bader, Dorsey & Kreshtool, her present attorneys. On March 10, 1975 John S. Grady requested a Right to Sue letter and a Right to Sue letter was issued. The text of this letter was as follows:

Pursuant to Section 706(f) of Title VII of the Civil Rights Act of 1964, as amended, you are hereby notified that you may within ninety (90) days of receipt of this communication, institute a civil action in the appropriate Federal District Court. If you are unable to retain an attorney, the Federal District Court is authorized in its discretion to appoint an attorney to represent you and to authorize commencement of the suit without payment of fees, costs or security. If you decide to institute suit and find you need assistance, you may take this letter, along with any correspondence you have received from the Commission, to the Clerk of the Federal District Court nearest to the place where the alleged discrimination occurred, and request that a Federal District Judge appoint counsel to represent you.

This suit was filed on July 3, 1975.

Section 706(f)(1) of Title VII provides that if the EEOC dismisses a complaint or, if within 180 days of the filing of a complaint with the EEOC, the Commission has not filed suit or has failed to enter into a conciliation agreement to which the aggrieved person is a party, the Commission must notify the individual complainant, who then has 90 days within which to file a civil action. Defendant contends that plaintiff's action is time barred under this statutory provision because she did not file suit within 90 days of the Commission's notice letter of November 19, 1974. Plaintiff counters that she did sue within 90 days

of receiving the April 10th "Right to Sue Letter". Thus, the crucial question is when the 90 day limitations period began to run under the circumstances of this case.

This case is but one of many which have resulted from the "two-letter" procedure followed by the EEOC up until April, 1975. See CCH LLR, Employment Practices ¶ 5318; *Roberts v. H. W. Ivey Construction Co.,* 408 F.Supp. 622, 10 EPD ¶ 10,588 (N.D. Ga.1975). While the texts of the letters issued pursuant to this procedure varied in some respects from case to case, the general practice was to send a notice stating that the Commission had dismissed the charges or had terminated conciliation efforts and advising that a "Notice of Right to Sue" letter would be issued upon request. This second communication from the Commission, issued after it was requested, would ordinarily state that the charging party had 90 days from receipt of this second letter in which to institute suit.

The majority of courts which have had similar issues before them have concluded that Section 706(f)(1) contains no authority for a two-letter procedure, and that Congress intended the 90-day limitations period to begin running upon notification that one of the enumerated contingencies had arisen, not upon receipt of a "Right to Sue Letter." [1] I agree. The pertinent part of Section 706(f)(1) states:

> If a charge filed with the Commission . . . is dismissed . . . or if within one hundred and eighty days from the filing of such charge . . . the

---

1. See *DeMatteis v. Eastman Kodak,* 511 F.2d 306 (2nd Cir. 1975), *modified on issue of retroactive application* 520 F.2d 409 (2nd Cir. 1975); *Pope v. North Hills Passavant Hospital,* 11 FEP Cases 590 (W.D.Pa.1975); *Wilson v. Sharon Steel Corporation,* 399 F.Supp. 403, 11 FEP Cases 145 (W.D.Pa.1975); *Roberts v. H. W. Ivey Construction Co., supra; Barfield v. ARC Security,* 9 EPD ¶ 10,136 (N.D.Ga.1974); *Taylor v. Pacific Intermountain Express Company,* 394 F.Supp. 72, 9 EPD ¶ 10,170 (N.D.Ill.1975); *Stansell v. Sherwin-Williams,* 404 F.Supp. 696, 10 EPD ¶ 10,592 (N.D.Ga.1975); *Bradshaw v. Zoological Society of San Diego,* 10 EPD ¶ 10,594 (S.D.Cal.1975); *Keeling v. St. Louis-San Francisco Ry. Co.,* 10 EPD ¶ 10,567 (W.D.Tenn. 1975); *Williams v. Sheraton Corporation of*

*America,* 10 EPD ¶ 10,446 (E.D.La.1975). Also see concurring and dissenting opinion of Chief Judge Gibson and Circuit Judge Henley in *Lacy v. Chrysler Corp.,* 11 EPD ¶ 10,746 (8th Cir. 1976); *cf. Cleveland v. Douglas Aircraft Corp.,* 509 F.2d 1027 (9th Cir. 1975). But see *Lacy v. Chrysler Corp.,* 533 F.2d 353, 11 EPD ¶ 10,746 (8th Cir. 1976); *Tuft v. McDonnell Douglas Corp.,* 517 F.2d 1301 (8th Cir. 1975), *cert. denied* 423 U.S. 1052, 96 S.Ct. 782, 46 L.Ed.2d 641, 44 U.S.L.W. 3394 (1976); *Williams v. Southern Union Gas Co.,* 529 F.2d 483, 11 EPD ¶ 10,621 (10th Cir. 1976). This issue is currently on appeal in the Third Circuit from the Western District of Pennsylvania (*Wilson v. Sharon Steel Corp., supra,* 399 F.Supp. 403, Third Circuit).

Commission has not filed a civil action . . . or . . . has not entered into a conciliation agreement . . ., the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought . . . by the person claiming to be aggrieved . . . .''

■ The language of the statute is unambiguous. Congress mandated that the Commission notify individual complainants upon the happening of certain contingencies and gave the complainants 90 days within which to file suit upon receipt of such notification. Clearly the statute provides no authority for a procedure the operative effect of which is to permit the aggrieved party to decide when the limitations period will begin to run. *DeMatteis v. Eastman Kodak,* 511 F.2d 306 (2nd Cir. 1975); *Wilson v. Sharon Steel Corporation,* 399 F.Supp. 403, 11 FEP Cases 145 (W.D.Pa.1975).

■ In this case, plaintiff received notice from the EEOC on November 22, 1974 that conciliation efforts had terminated, and that she had a right to commence a lawsuit on her own. Under the statutory mandate this was clearly sufficient to initiate the running of the limitations period and to terminate her cause of action 90 days later on February 20, 1975.

■ Even if the statute be so construed, however, plaintiff maintains that the statute as so construed should not be applied to bar her suit because she was misled about her Title VII rights by the very agency designated by Congress to protect her rights. It would be unconscionable to hold her claim extinguished, her brief asserts, when her failure to timely file was "not because of her lack of diligence—but solely

because she reasonably relied on the advice of the agency entrusted with the interpretation of the statute under which she sought relief." In support of her position, plaintiff cites, *inter alia,* the decision of the Second Circuit after reargument in *DeMatteis v. Eastman Kodak:*

It would be inequitable under such circumstances, and would frustrate the remedial provisions of the Civil Rights Act, to apply the decision of this court so as to bar the claim of a party who filed suit within the period recommended by the administrative body which had been established to help vindicate such statutory rights. 520 F.2d at 411.

This approach has been followed by other courts[2] and has much to commend it. On the present record, however, I am not convinced that it can be of any comfort to the plaintiff in this case. The *DeMatteis* approach is not based on any view that ignorance of the existence or effect of a limitations provision suspends its operation. Clearly this is not the law. Rather, the essential predicate for the *DeMatteis* rule is action by the EEOC which has misled the plaintiff into believing that he or she had longer to file than the statute permits. The holding of *DeMatteis* with respect to the construction of Section 706(f)(1) was made prospective *only* with respect "to actions wherein appellants or applicants have been misled by the Commission". The case was remanded for a factual determination of whether DeMatteis *"was misled by the Commission into filing an untimely action ".*

The record thus far developed in this case does not suggest that the Commission was responsible for plaintiff's late filing. Unlike some of the notices reflected in the case law,[3] the Commission's letter of November

---

**2.** *Roberts v. H. W. Ivey Construction Co., supra* (hearing ordered to determine whether complainant was misled by EEOC's use of "Right to Sue Letter" procedure, in which case, the "Right to Sue Letter" would be deemed to trigger the 90-day limitation period); *Taylor v. Pacific Intermountain Express Co., supra* (considerations of equity mandate that plaintiff, who was misled by the EEOC's two letter procedures not be barred from bringing civil action

in federal court, despite fact that suit had not been filed within 90 days of receipt of failure to conciliate letter).

**3.** E.g., *Tuft v. McDonnell Douglas Corp.,* 517 F.2d 1301 (8th Cir. 1975), *cert. denied* 423 U.S. 1052, 96 S.Ct. 782, 46 L.Ed.2d 641, 44 U.S.L.W. 3394 (1976); *Wilson v. Sharon Steel Corporation,* 399 F.Supp. 403, 11 FEP Cases 145 (W.D. Pa.1975).

19, 1974 did not advise plaintiff that she would have 90 days from receipt of a Right to Sue Letter in which to institute suit. It advised her that she had a right to sue and said nothing about the 90 day limitations period. While this first letter referred to a Notice of Right to Sue, the only message conveyed with respect to this document was that it was available to plaintiff through a telephone call.

While the Right to Sue Letter subsequently received in April contained the erroneous advice that the limitations period would start to run on receipt of that letter, the 90 day period had already expired in February. This second letter, accordingly, cannot have occasioned plaintiff's failure to timely file.

The most reasonable inference to be drawn from the current record is not that plaintiff was misled by the Commission, but rather that she was either neglectful or simply unaware of the limitations period. If either of these inferences is the proper one, defendant is entitled to have this case terminated. The current record, however, does not negate the possibility that the Commission may have played a role in causing the late filing. Wholly apart from the November 19, 1974 letter, given the Commission's stance at that point, it is conceivable that it may have been responsible for a misunderstanding on plaintiff's part about her rights.

In these circumstances, I believe plaintiff should be afforded an opportunity to fur-

ther develop the record in support of her assertion that her tardy filing was the result of reasonable reliance on the Commission. If she wishes to avail herself of this opportunity, she should file an affidavit and memorandum within 14 days of the date of this Opinion. Defendant will have an opportunity to respond by way of affidavit or memorandum within 10 days of receipt of plaintiff's documents. The Court will then rule, as on summary judgment, under the provisions of Rule 12(b).

■ Defendant also contends that the complaint should be dismissed because it was not notified of plaintiff's filing of charges with the EEOC within ten days of that filing as required by Section 706(b) of Title VII. Plaintiff notes in response that the charges were filed with the EEOC prior to the 1972 amendments to Title VII and correctly points out that, prior to those amendments, the statute simply required that respondents be given reasonable notice.

Under Section 706(b) it is the Commission's responsibility to notify respondents that charges of discrimination have been lodged against it. Even assuming *arguendo* that the EEOC did not meet this responsibility, such a failure on the part of the agency does not bar the aggrieved individuals from bringing suit. The timely notification by the EEOC that charges have been filed with it is not a jurisdictional prerequisite to a suit by individual employees to enforce their rights under Title VII.[4] De-

---

4. See *Thornton v. East Texas Motor Freight,* 497 F.2d 416 (6th Cir. 1974); *Aros v. McDonnell Douglas Corporation,* 348 F.Supp. 661 (C.D.Cal.1972); *Johnson v. ITT–Thompson Industries, Inc.,* 323 F.Supp. 1258 (N.D.Miss.W.D. 1971); *Logan v. General Fireproofing Company,* 309 F.Supp. 1096 (W.D.N.Car.1969); *Holiday v. Railway Express Company,* 306 F.Supp. 898 (N.D.Ga.1969); *Foye v. United A. G. Stores Cooperative, Inc.,* 336 F.Supp. 82 (D.C.Neb. 1972). As the Court in *Foye* stated:

It is stated by defendant that it is a fatal defect that defendant was not notified of the charges filed against it by the Federal Equal Opportunity Commission, as required by 42 U.S.C.A. § 2000e–5(a). The Court finds the allegation without merit. The courts that have considered similar questions have taken

the position that the plaintiff is not responsible for acts or omissions of the Commission and that once the plaintiff has done everything that he can do to satisfy the requirements of the statute to pursue his administrative remedy he should not be adversely affected in seeking judicial relief. E.D.Va., *Quarles v. Philip Morris, Incorporated,* 271 F.Supp. 842, 846–847. 336 F.Supp. at 83. *Padilla v. Stringer,* 395 F.Supp. 495 (D.N.M. 1974) (individual complainant's suit not barred against individual defendant despite fact that EEOC inadvertently omitted to notify the defendant that charges had been, filed against him); *Escamilla v. Mosher Steel Company,* 386 F.Supp. 101 (S.D.Tex.1975) (failure to notify successor corporation that charges had been filed with EEOC against predecessor corpora-

fendant's motion to dismiss the complaint for failure to satisfy the requirements of Section 706(b) is denied.

 Finally, defendant contends that the allegations in plaintiff's complaint do not constitute sex discrimination within the meaning of Title VII. In support of this contention, defendant argues that plaintiff's allegations amount simply to a charge that she was discriminated against because of her "women's lib attitudes".[5]

It may be that at trial plaintiff will only to able to establish that she was discriminated against because of her attitudes and at that time the Court would have to determine whether such conduct constitutes sex discrimination within the meaning of Title VII. But as I read the complaint, it alleges more than simply discrimination based on plaintiff's ideology. Read fairly, the complaint alleges that defendant has engaged in a pattern and practice of discriminating against women applicants and employees seeking advanced positions in the company. Plaintiff alleges that she herself was discouraged from seeking advancement and was fired because she attempted to move upward. Although not clearly articulated, implicit in her allegations is the charge that male employees in her situation would not have been so treated. Her allegation in paragraph 4 of the complaint that her supervisor pointed to her "women's lib" attitudes as the explanation for why advancement on her part would be restricted, can be read as a single fact indicative of her employer's general attitude to her as a female employee seeking advancement. I cannot conclude "beyond doubt that the plaintiff can prove no set of facts in support of . . . [her] claim which would

entitle . . . [her] to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Defendant's motion to dismiss the complaint for failure to allege discrimination of a kind proscribed by Title VII will be denied.

Submit order.

tion does not bar individual suit under Title VII against successor company). See also cases holding that a suit by an individual complainant is not barred by EEOC's failure to perform its statutory duty of attempting conciliation: *Carr v. Conoco Plastics, Inc.,* 423 F.2d 57 (5th Cir. 1970), *cert. denied* 400 U.S. 951, 91 S.Ct. 241, 27 L.Ed.2d 257 (1970); *Dent v. St. Louis-San Francisco Ry. Co.,* 406 F.2d 399 (5th Cir. 1969), *cert. denied* 403 U.S. 912, 91 S.Ct. 2219, 29 L.Ed.2d 689 (1971), *rehearing denied* 404 U.S. 875, 92 S.Ct. 34, 30 L.Ed.2d 122 (1971); *Johnson v. Seaboard Air Line Railroad Co.,* 405 F.2d 645 (4th Cir. 1968), *cert. denied* 394 U.S. 918, 89 S.Ct. 1189, 22 L.Ed.2d 451 (1969); *Choate v. Caterpillar Tractor Company,* 402 F.2d 357 (7th Cir. 1968); *Quarles v. Philip Morris, Inc.,* 271 F.Supp. 842 (E.D.Va.1967); *Mondy v. Crown Zellerbach Corporation,* 271 F.Supp. 258 (E.D.La.1967), *reversed on other grounds, Oatis v. Crown Zellerbach Corporation,* 398 F.2d 496 (5th Cir. 1968).

5. See paragraph 4 of plaintiff's complaint.