George **WEBSTER** and Willie **Mitchell**, Individually and on behalf of all similarly situated, Plaintiffs,

v.

**LIBERTY CASH GROCERS, INC.,**
Defendant.

Civ. A. No. C–74–609.

United States District Court,
W. D. Tennessee, W. D.

June 24, 1975.

Ural B. Adams, Jr., Memphis, Tenn., for plaintiffs.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

McRAE, District Judge.

This is an employment discrimination action brought by George Webster and Willie Mitchell, on behalf of themselves and all others similarly situated against Liberty Cash Grocers pursuant to 42 U. S.C. § 2000e–5(f) and 42 U.S.C. §§ 1981, 1982, 1983, 1985 and 1986. Now before this Court is the Defendant's Motion to Dismiss or in the Alternative for Summary Judgment based on the (90) ninety day limitation period contained in the title VII statute, 42 U.S.C. § 2000e–5(f)(1).

Because the title VII statute requires that a civil action be brought within 90 days of the time an aggrieved party receives notice that conciliation efforts have failed and because the record in this case contains letters to the Plain-

---

11. *United Mine Workers v. Gibbs, supra,* 383 U.S. at 726, 86 S.Ct. 1130.

12. 168 N.Y.L.J., Aug. 11, 1972, at 2.

tiffs, Webster and Mitchell, notifying them of the failure of conciliation efforts more than 90 days from the time of the filing of this action, this Court grants the Defendant's Motion for Summary judgment relying for its reasoning on the case of *Mungen v. Choctaw, Inc.*, 402 F.Supp. 1349, 1975 (W.D.Tenn., J. McRae), which is incorporated herein. The Court further holds that the Plaintiffs' claims pursuant to 42 U.S.C. §§ 1981, 1982, 1983, 1985 and 1986 arose more than one year prior to the filing of this complaint and are therefore barred by the applicable statute of limitations, T.C.A. § 28–304.

It is therefore ordered that the Defendant's Motion for Summary Judgment be granted and that this action be dismissed in accordance with that order.