**Jesse YORK**

v.

**CELANESE FIBERS COMPANY and Celanese Corporation.**

**Civ. No. HM75–1073.**

United States District Court,
D. Maryland.

June 10, 1976.

Michael Bowen Mitchell, Juanita Jackson Mitchell, Clifton J. Gordy, Jr., Mitchell & Pettit, Baltimore, Md., for plaintiff.

Norman R. Buchsbaum and James E. Carbine, Weinberg & Green, Baltimore, Md., for defendants.

## MEMORANDUM AND ORDER

HERBERT F. MURRAY, U. S. District Judge.

Plaintiff, Jesse York, instituted this action on August 4, 1975, against defendant Celanese Fibers, alleging that Celanese Fibers, his former employer, discriminatorily discharged him because of his race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e *et seq.*; the Thirteenth and Fourteenth Amendments to the United States Constitution; 42 U.S.C. § 1981; and 42 U.S.C. § 1983. On October 24, 1975, plaintiff filed an amended complaint adding Celanese Corporation as a defendant. Defendants filed a motion for summary judgment on January 16, 1976. The Court heard oral argument on the motion on May 7, 1976.

At the oral argument, counsel for the plaintiff conceded the points raised by defendants in support of their motion for summary judgment as to the claims under the Thirteenth and Fourteenth Amendments, 42 U.S.C. § 1981 and 42 U.S.C. § 1983. Therefore, the Court will grant defendants' motion as to those claims. The remaining claim is that under Title VII. The Court will turn now to a consideration of the Title VII claim.

Defendants contend that this Court has no jurisdiction over the subject matter of this action by reason of plaintiff's failure to file this suit within ninety days of receipt of the EEOC's letter of October 22, 1974, advising of the termination of its conciliation efforts. It is alleged that this constituted a failure on plaintiff's part to comply with the requirements of 42 U.S.C. § 2000e–

5(f)(1) which states "[I]f within one hundred and eighty days from the filing of such charge . . . the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge by the person claiming to be aggrieved". At issue here is the validity of the EEOC's two-letter procedure (notice of non-conciliation and notice of right to sue), an issue that has been discussed recently by many courts.

In the instant case, plaintiff's counsel received on October 22, 1974, a letter that read as follows:

Please be advised that conciliation endeavors to resolve Jesse York's, your client's, case have been unsuccessful.

Pursuant to 29 CFR 1601.23 and 29 CFR 1601.25, the Commission has terminated its efforts to conciliate the matter and the case file is being forwarded to our office of General Counsel for possible legal action. However, he has the right to commence a lawsuit on his own. If he wishes to do so, Valerie L. Olson, Esquire, of this office, may be called collect at 301–962–3932 for a Notice of Right to Sue in Federal District Court. She may also be called for other information pertinent to filing suit.

For his information, I am enclosing a further copy of both the charge and the Commission determination.

Plaintiff's counsel requested a Right to Sue letter and received it on May 6, 1975. Suit was instituted on August 4, 1975, within ninety days of receipt of the Right to Sue letter.

The question, then, is whether the 90 day time limit required by 42 U.S.C. § 2000e–5(f)(1) runs from the date the EEOC issued plaintiff notice that conciliation efforts had failed or from the later notice to plaintiff of his right to sue. Deciding that the date of the later notice is the controlling one would have the effect of allowing plaintiff's action to continue with this Court clearly having

jurisdiction. Deciding that the date of notice of nonconciliation is controlling would oust plaintiff's Title VII claim from this Court's jurisdiction, the ninety-day time limit having elapsed. *See Cleveland v. Douglas Aircraft Co.*, 509 F.2d 1027 (9th Cir. 1975).

This question has been considered by the Courts of Appeal of the Second, Eighth and Tenth Circuits, *infra*, as well as by many lower courts. The Fourth Circuit Court of Appeals has not decided this issue, however, nor is the Court aware of any such decision in this Maryland District Court. Therefore, the Court is faced with an issue of first impression.

Among the lower courts that have considered the two-letter procedure, the authority is divided. The following cases concluded that the plaintiff cannot proceed with his Title VII suit: *Webster v. Liberty Cash Grocers*, 409 F.Supp. 1002, 12 F.E.P. Cases 255 (W.D.Tenn.1975); *Wilson v. Sharon Steel Corp.*, 399 F.Supp. 403 (W.D.Pa. 1975); *Turner v. Texas Instruments, Inc.*, 401 F.Supp. 1179 (N.D.Tex.1975); *McGuire v. Aluminum Co. of America*, 11 F.E.P. Cases 858 (S.D.Ind.1975); and *McCrary v. Metropolitan Life Insurance Co.*, 408 F.Supp. 417, 12 F.E.P. Cases 446 (D.Mass. 1976). The following lower court cases have held that the plaintiff may bring suit under Title VII, even though the two-letter procedure was used: *Diaz v. Food Fair Stores*, 11 F.E.P. Cases 920 (D.Col.1975); *Roberts v. H. W. Ivey Construction Co.*, 408 F.Supp. 622 (N.D.Ga.1975); *James v. Newspaper Agency Corp.*, 12 F.E.P. Cases 43 (D.Utah 1975); and *Stansell v. Sherwin-Williams Co.*, 404 F.Supp. 696, 11 F.E.P. Cases 928 (N.D.Ga.1975).

It is the Court's opinion that it should be guided in reaching its determination by the holdings of the three courts of appeal that have considered the issue rather than by the conflicting lower court authority. The Court will begin with *DeMatteis v. Eastman Kodak Co.*, 511 F.2d 306 (2nd Cir. 1975), *modified*, 520 F.2d 409 (2nd Cir. 1975). The court in the first *DeMatteis* opinion held that the employee's suit was barred by the ninety-day limitation period. The critical factor was whether or not the first letter made it clear that the Commission's proceedings and recourse to administrative remedies had been terminated. If those facts were clear from the first letter, then the ninety-day limit would run from that letter. Otherwise, the Right to Sue letter would begin the running of the limitations period. The court stated:

> The statutes and the regulations provide certain time limits after which a party can presume that the administrative proceedings have ended and that he could seek relief in the federal court. In order to make definite and certain that the Commission's proceedings and recourse to administrative remedies had terminated, the Commission invented and put into the regulations § 1601.25 which provided for the 'Notice-of-Right-to-Sue.' . . . The purpose of the notice of right to sue was definitely to fix a time when the administrative remedies had ended and when the 90-day statute of limitations for bringing a suit in the federal court began to run. . . . (511 F.2d at 310)

The court held that the first letter provided definite and precise notice that the administrative proceedings had been completed and, therefore, the ninety-day period ran from that letter. The first letter in the *DeMatteis* case differed significantly from the letter in the instant case. The *DeMatteis* letter stated, in relevant part:

> Therefore, *we have dismissed the charge* and the complainant has been notified in accordance with the Commission's Regulations of this determination and of his statutory right to institute a civil suit in United States District Court under Section 706 of Title VII . . . . . (511 F.2d at 308, n. 3; emphasis supplied by the *DeMatteis* court.)

The instant letter, on the other hand, makes it clear that the administrative proceedings have not been completed. It states in part:

> Pursuant to 29 CFR 1601.23 and 29 CFR 1601.25, the Commission has terminated its efforts to conciliate the matter and

the case file is being forwarded to our office of General Counsel *for possible legal action.*

As the Commission was considering legal action, its proceedings had not terminated; therefore, according to the holding of *DeMatteis,* this first letter would not begin the limitation period.

The second *DeMatteis* opinion was necessitated by a factual dispute over the contents of the first letter. Plaintiff had filed a petition for rehearing, maintaining that the first letter was not that considered by the court in its earlier opinion. Rather, plaintiff contended the letter read as follows:

Based upon a full investigation of this matter, this Commission has determined that the facts upon which your charge is based do not constitute a violation of Title VII of the Civil Rights Act of 1964, as amended.

*Notwithstanding this determination, you still have a right pursuant to Section 706 of Title VII to request, in writing, that this Commission issue a Notice of Right to Sue authorizing you to institute a civil action in the appropriate United States District Court.* (520 F.2d at 410, n. 3; emphasis supplied by the court in *DeMatteis*)

When faced with the above letter, the court reversed that portion of the district court's judgment which dismissed plaintiff's Title VII claim and remanded for further proceedings, subject to findings by the district court as to the truth of the facts asserted by plaintiff in his motion for rehearing. The court reasoned:

Although we see no reason to change our decision that the statute of limitations begins to run on a Title VII claim, which the Commission has dismissed because it has determined after an investigation that there is not reasonable cause to believe that the allegation is true, when the Commission notified the parties of its action, '[w]e should not indulge in the fiction that the law now announced has always been the law and, therefore, that those who did not avail themselves of it

waived their rights.' *Griffin v. Illinois,* 351 U.S. 12, 26, 76 S.Ct. 585, 594, 100 L.Ed. 891 . . . .. The issue in this case was one of first impression which this court resolved in a manner which, as witnessed by the Commission's earlier contrary instructions, was not clearly foreshadowed. It would be inequitable under such circumstances, and would frustrate the remedial purpose of the Civil Rights Act, to apply the decision of this court so as to bar the claim of a party who filed suit within the period recommended by the administrative body which had been established to help vindicate such statutory rights. (520 F.2d at 410–411).

The court in the second *DeMatteis* opinion thus held that a plaintiff who follows the instructions of the Commission must be permitted to bring suit even if those instructions were improper, unless the suit was brought after the court's opinion clarified the proper procedure. In the instant case, plaintiff followed the instructions of the Commission and requested a Right to Sue letter. The first letter informed plaintiff that he had the right to commence a lawsuit on his own. But the letter goes on to state that "if he wishes to do so [commence a lawsuit]", he should request a Right to Sue letter, thereby implying that the Right to Sue letter was necessary before suit could be commenced. Plaintiff did request such a letter. He received it on May 6, 1975, along with a cover letter stating that the Commission was not going to proceed with litigation and that the case was administratively closed. The cover letter went on to state that plaintiff must sue within ninety days of receipt of the Right to Sue letter or lose his right to do so. Plaintiff did bring suit within ninety days of receipt of the second letter.

Applying the teaching of the *DeMatteis* cases to this case, plaintiff's suit should not be barred by the ninety day limitations period for two reasons. First, the first letter received by plaintiff does not state that administrative proceedings have been terminated. Rather, it states that the Com-

mission is considering whether to take legal action, indicating that the Commission proceedings were still open. Second, plaintiff should not be penalized for following the Commission instructions, since the Commission is charged with vindicating statutory rights, there was no legal authority in this jurisdiction mandating any different procedure and no prejudice to defendant appears to have resulted.

The third case which has guided the Court's opinion in this matter is *Tuft v. McDonnell Douglas Corp.,* 517 F.2d 1301 (8th Cir. 1975), *cert. denied,* 423 U.S. 1052, 96 S.Ct. 782, 46 L.Ed.2d 641, 44 L.W. 3394 (1976). The first letter received by the plaintiff in *Tuft* read in part as follows:

> This is to inform you that conciliation efforts in your case have failed.
>
> Anytime now, you may request your letter of Right to Sue. This is done by requesting, in writing, from the District Director, Mr. Eugene P. Keenan.
>
> When you request your letter of Right to Sue, you have only 90 days to get a lawyer to file suit for you in Federal District Court. . . .

Plaintiff received this first letter on February 13, 1974, and the Right to Sue letter on June 14, 1974. She filed her suit on June 20, 1974. The court reviewed the statutory language of the 1972 amendments to Title VII and the legislative history of those amendments, holding that plaintiff's suit was not time-barred. Like the court in *DeMatteis,* the court in *Tuft* emphasized the importance of the termination of administrative proceedings, reasoning:

> Here, the first letter recites only that conciliation efforts have failed and does not mention suit consideration by the Commission. The Commission has advised us that at the time the first letter was sent to Ms. Tuft, it had made no determination on whether to file suit. Thus, the first Commission letter of February 13, 1974, must be read literally, as informing Ms. Tuft that conciliation had failed and advising her that she might request the formal statutory notice from the Commission as a prerequisite to filing

her own suit. *Since the Commission had not then exhausted its administrative procedures under Title VII, no basis exists, legally or equitably, for construing the first letter as a statutory notice initiating the running of the 90-day limitation period.* (517 F.2d at 1309–1310; emphasis supplied)

The court in *Tuft* did not base its decision on the lack of exhaustion of administrative proceedings alone. It held further that, even if the notice of failure to conciliate did trigger the ninety-day period, the letter before it could not be construed as actual notice to plaintiff. The court reasoned:

> The cases make clear that the aggrieved person must receive actual and effective notification of his right to sue. . . .
>
> Moreover, it is undisputed that Ms. Tuft relied on the Commission's procedures and, in the absence of prejudice to the defendant, she should not be penalized for any errors or omissions of the EEOC.
>
> . . .
>
> Since the first letter did not give Ms. Tuft any effective notification that she could sue within 90 days of the receipt of that letter, it cannot serve to initiate the running of the statute of limitations. (517 F.2d at 1310)

Thus, the court in *Tuft* based its decision on the same two grounds as the court in *DeMatteis.* First, only a letter which makes it clear that administrative proceedings have terminated can trigger the limitations period. Second, the plaintiff must have actual notice of the ninety day period and cannot be penalized for following Commission procedures. Both of these factors indicate that in the instant case plaintiff's suit should not be barred. As noted above, the Commission was considering further action in plaintiff's case, and this was clear from the first letter. Thus, the Commission proceedings were not terminated. Second, plaintiff followed the Commission instructions and should not be penalized therefor, in the absence of prejudice to the defendant. Defendants have not alleged that they were prejudiced by the two-letter procedure followed here.

The *Tuft* decision was approved and discussed further by the Eighth Circuit Court of Appeals *en banc* in *Lacy v. Chrysler Corp.,* 533 F.2d 353, 44 U.S.L.W. 2432, 12 F.E.P. Cases 471 (8th Cir. 1976). The *Lacy* case consolidated three cases on appeal, two of which, *Lacy* and *Harris,* were similar to *Tuft* and the other of which, *Whitfield,* concerned a three-letter procedure. The letter in the first two cases was identical to that in *Tuft,* and the court concluded:

> In neither *Lacy* nor *Harris* did the first letter, the notice of failure of conciliation, inform the complainant that the Commission had declined to sue. Thus, under the statute as construed in *Tuft,* the first letter did not trigger the 90-day period. The second letter, the formal right to sue letter, initiated the running of the 90-day period. (533 F.2d at 358, 12 FEP Cases at 474)

In the *Whitfield* appeal, the court considered a three-letter procedure. The first letter informed plaintiff that conciliation had failed and he could request a Right to Sue letter. More than a year later the Commission sent plaintiff a second letter which advised him that the Commission had decided not to file suit in his case and that he should request a Right to Sue letter. Plaintiff did so and brought suit. The court in *Lacy* sustained the district court's determination that the second letter constituted the statutory notice prescribed by § 706(f), reasoning:

> Upon receiving the second letter from the EEOC, the September 4th letter, Whitfield knew that the administrative procedures of the EEOC had terminated and that he could not hope to receive any further administrative assistance from the EEOC.
>
> In *Tuft,* we said that 'the statutory notice must issue following a determination by the Commission or, in appropriate cases, the Attorney General, that a civil action will not be filed.' . . . Thus, this second letter must be deemed a notice which complies with the statute (§ 706(f)) and serves to initiate the running of the

90-day period. (533 F.2d at 360, 12 FEP Cases at 477)

The Court has reviewed the *Lacy* case herein as it serves to reaffirm the conclusion drawn by the Court from *Tuft* that the critical factor in determining the running of the ninety-day period is whether or not the administrative processes have terminated. In the instant case, the first letter indicates that the administrative processes were still open. Thus, that letter cannot serve to initiate the running of the limitations period.

The most recent circuit court decision on this issue is *Williams v. Southern Union Gas Co.,* 529 F.2d 483 (10th Cir. 1976). The *Williams* court does not analyze the statute anew but rather relies on the *Tuft* decision, holding that the ninety-day limitation within which the complaining party had a right to sue did not commence until the complaining party actually received the formal Right to Sue letter.

■ The conclusion the Court draws from the above cases is that plaintiff's suit is not barred by the ninety-day limitations period for the reasons stated above. Defendants contend that it is significant that plaintiff had an attorney and that the first letter was sent to that attorney, further arguing that counsel should have known the significance of the first letter and filed suit at once. The Court does not find these arguments convincing. First, when the first letter was received in October 1974, the question of the validity of the two-letter procedure had not been considered by the courts, and counsel could not have known of any possible difficulty with the procedure. Second and more importantly, the appellate courts have since held that a letter similar to the instant first letter does not trigger the limitations period. Thus, the fact that the plaintiff had counsel is not relevant to the instant determination.

The court in *Lacy,* in considering the *Whitfield* case, places some significance on the fact that Whitfield had counsel. However, that case involved a three-letter situation in which the second letter made it clear that the administrative processes were ter-

minated. The court stated that counsel for Whitfield knew of the termination and should have acted at once:

> At oral argument, Whitfield's counsel conceded that he had been retained between the first and second letter and that he waited approximately two months after Whitfield received the second letter—the determination by the EEOC that it would not file suit—before even requesting a formal right to sue letter. Upon receiving the second letter, Whitfield knew that the EEOC's administrative procedures had terminated. On the basis of this record, we believe Whitfield's counsel with cooperation from the EEOC consciously misused the administrative process to further delay this litigation. Therefore, Whitfield cannot be deemed an innocent party suffering prejudice through misleading information furnished him by the EEOC. A contrary determination would permit a knowledgeable and informed aggrieved party to postpone indefinitely the issuance of a formal right to sue letter and thus delay indefinitely the initiation of the 90-day period prescribed by law. (533 F.2d at 361, 12 FEP Cases at 477)

Thus, the court in *Lacy* indicated that counsel is expected to understand the significance of a "termination" letter and to file suit within ninety days of receipt of such a letter. However, in the instant case, counsel did not receive such a "termination" letter, and therefore there is no reason for the Court to dismiss plaintiff's suit because he had counsel.

▇ Defendants further contend that holding the suit was timely filed would enable plaintiffs to control the limitations period and to postpone indefinitely the initiation of the period. However, such a holding would not result in the delay envisioned by defendants. The court in *Tuft,* after thorough review of the relevant statutory provisions, held that Congress intended the ninety-day period to run from notice to the party of the termination of administrative proceedings. As soon as the party receives such notice, the period begins to run,

whether or not a Right to Sue letter is requested. The party cannot postpone the running of this period by delaying his request for a suit letter.

▇ The first letter herein, stating that conciliation efforts had failed, does not trigger the ninety-day period. Rather, the purpose of such a letter is to give the aggrieved party the option of bringing suit on his own or allowing the Commission to continue with its procedures. If the party decides to bring suit and so informs the Commission, then the Commission terminates its proceedings, and the ninety-day period begins to run when the party is aware of that termination. If the party declines to bring suit, the Commission continues with its efforts to resolve the case, and the ninety-day period does not begin to run. There is no limit on the time the aggrieved party may take to decide whether to proceed on his own. He may do so any time after the expiration of 180 days from the date of the filing of his charge or upon dismissal of his charge at any stage of the proceedings. (Section 706(f); 29 C.F.R. § 1601.25(c) (1974)) The court in *Tuft* discussed the 180-day provision as follows:

> Section 706(f) provides that the Commission 'shall so notify the person aggrieved' if within 180 days it has neither conciliated the dispute nor brought suit. In its regulations, the Commission has construed this language to require the issuance of the statutory notice on demand of the complaining party after 180 days have elapsed from the filing of the charge. . . . Under this regulation an individual, at any time after the 180-day period has elapsed, may demand the statutory notice as the prerequisite to his suit, regardless of whether the Commission procedures remain in the investigative stage, the conciliation stage, or whether the Commission is considering bringing its own action after conciliation efforts have failed. (517 F.2d at 1307–8)

As noted above, the ninety-day period begins to run only when the aggrieved party is notified that Commission procedures have terminated. The court in *Tuft* stated:

If the statute required the issuance of notice at some intermediate stage of the administrative process, an aggrieved person would be required to either sue within 90 days or lose his right to sue without knowing whether or not the Commission would file suit on his behalf. (517 F.2d at 1309)

The court in *Tuft* also summarized the notice procedures which trigger the ninety-day statute of limitations as follows:

1) Upon a dismissal of the charge by the Commission, the statutory notice must issue promptly to the aggrieved party and the respondent. . . .

2) The complainant may demand the statutory notice any time after 180 days have elapsed from the filing of the complaint if the Commission has not dismissed his complaint, achieved a conciliation agreement, or filed a civil action.

3) Otherwise, the statutory notice must issue following a determination by the Commission or, in appropriate cases, the Attorney General, that a civil action will not be filed. (*Ibid.*)

It should be evident from this review of the notice procedures that no indefinite delay will result from holding that the first letter does not trigger the limitations period. Any delay in terminating the administrative proceedings is due to the backlog of cases before the Commission and not to the two-letter procedure. Thus, the length of time between the filing of a charge and the termination of proceedings is not in the plaintiff's control, and the plaintiff cannot extend that time period indefinitely by failing to ask for a Right to Sue letter. Further, the plaintiff can cause no delay after the proceedings have terminated and he has notice of that fact since the limitations period runs at that point, regardless of when the Right to Sue letter is requested.

In conclusion, the Court holds that the ninety-day limitations period began to run from receipt of the second letter and, therefore, the suit was timely filed. Thus, defendants' motion for summary judgment as to the Title VII claims will be denied. Of the several causes of action alleged by the plaintiff in his amended complaint, the Court has granted defendants' motion for summary judgment as to claims under the Thirteenth and Fourteenth Amendments, 42 U.S.C. § 1981 and 42 U.S.C. § 1983. Therefore, only the Title VII claim remains.

Accordingly, it is this 10th day of June, 1976, in the United States District Court for the District of Maryland,

*ORDERED* :

(1) that defendants' motion for summary judgment as to the claims under the Thirteenth and Fourteenth Amendments, 42 U.S.C. § 1981 and 42 U.S.C. § 1983 be, and the same hereby is, *Granted* ; and

(2) that defendants' motion for summary judgment as to the claim under Title VII be, and the same hereby is, *Denied.*