452 F.Supp. 355 (1978)
Earnest D. FORD, Plaintiff,
v.
GENERAL MOTORS CORPORATION and United Auto Workers, Local 25, Defendants.
No. 78-239C(3).
United States District Court, E. D. Missouri, E. D.
May 12, 1978.
*356 Michael S. Weinberg, St. Louis, Mo., for plaintiff.
Gerald Kretmar, Levin & Weinhaus, St. Louis, Mo., for defendant UAW Local 25.
James E. McDaniel, Barnard & Baer, St. Louis, Mo., for defendants.

MEMORANDUM
NANGLE, District Judge.
This matter is before the Court upon the motion of defendant General Motors Corporation to dismiss plaintiff's complaint. Plaintiff filed this suit, pursuant to 42 U.S.C. § 2000e et seq., 28 U.S.C. § 1343 in conjunction with 42 U.S.C. §§ 1981 and 1983, and the Thirteenth and Fourteenth Amendments to the United States Constitution, alleging discrimination on account of race.
In support of its motion, defendant General Motors Corporation has filed various documents relating to plaintiff's charge before the Equal Employment Opportunity Commission. Plaintiff's charge was filed on February 1, 1972 and complained of a discharge on August 19, 1971, motivated by plaintiff's race. A Right-to-Sue letter was issued, which is not dated, indicating that the charge was dismissed because of plaintiff's failure to proceed with the same. On December 10, 1974, the Equal Employment Opportunity Commission sent plaintiff a letter which provided in relevant part:
This is in response to your telephone call upon receipt of the Notice of Administrative Closure and your Notice of Right To Sue. You advised me at that time that you had mailed the contact card, though it was never received in this office.
Because there is no regulation which would authorize the revocation of the Notice of Right To Sue, it will be necessary for you to obtain an attorney to protect any claim you may have against Chevrolet and U.A.W.
On August 14, 1974, prior to the issuance of the above letter, Associate General Counsel issued a memorandum to the District Director of the Equal Employment Opportunity Commission concerning the propriety of reconsidering a determination and issuing a new Right-to-Sue letter. This memorandum states in part:
While the regulation [29 C.F.R. § 1601.19b] clearly permits the District Directors at any time to reconsider and issue new determinations, there is no provision in *357 our regulations which authorizes the issuance of another notice of right to sue letter to accompany the decision on reconsideration.
The effect of a second notice of right to sue would be an automatic extension of the ninety day period within which a charging party may bring a civil action.
. . . . .
Accordingly, while District Directors may reconsider and issue a new determination letter, there appears to be no legal authority for the issuance of an additional ninety day notice of right to sue letter once such notice has been previously issued.
On April 14, 1976, plaintiff filed suit against Eugene P. Keenan, District Director of the Equal Employment Opportunity Commission, and Lowell Perry, Chairman of the Equal Employment Opportunity Commission. Ford v. Keenan, et al., No. 76-329 C (3). In said suit, plaintiff alleged that he filed a charge with the Equal Employment Opportunity Commission in January, 1972; that defendants erroneously dismissed plaintiff's charge for failure to proceed, and that a Right-to-Sue letter was issued to plaintiff on November 14, 1974. Plaintiff prayed for a declaration that the Right-to-Sue letter was a legal nullity and for an order directing defendants to reinstate plaintiff's charge. This cause was settled pursuant to an agreement filed with the Court on December 10, 1976. The record does not indicate the terms of the settlement, but on December 7, 1976, a second Right-to-Sue letter was issued to plaintiff. The Court is unable to determine from the record therein whether the merits of plaintiff's charge was ever investigated by the Equal Employment Opportunity Commission or whether a second Right-to-Sue letter was issued without investigation in an effort to settle cause No. 76-329 C (3).
Plaintiff filed the second Right-to-Sue letter with this Court on February 25, 1977. Counsel was appointed for plaintiff and a complaint was filed on March 2, 1978. This suit is based upon the second Right-to-Sue letter, although both letters relate to the January, 1972 charge.
There is no authority for the issuance of a second Right-to-Sue letter. Cf., 29 C.F.R. § 1601.19b. Indeed, the Equal Employment Opportunity Commission recognized the same in its correspondence with plaintiff. Accordingly, based upon the first Right-to-Sue letter, this Court must conclude that this suit has not been timely filed. Suit should have been filed within ninety days of the issuance of the 1974 letter and plaintiff was so informed. Accordingly, jurisdiction does not exist herein pursuant to 42 U.S.C. § 2000e et seq. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). This Court is cognizant of case law holding that a plaintiff should not be penalized for errors committed by the Equal Employment Opportunity Commission. See Tuft v. McDonnell Douglas Corporation, 517 F.2d 1301 (8th Cir. 1975). Nevertheless, plaintiff was informed on December 10, 1974 that the Equal Employment Opportunity Commission could not issue a second Right-to-Sue letter and that he had only ninety days in which to file suit. While plaintiff ultimately chose to file suit against the Equal Employment Opportunity Commission, said suit was not filed until well after the ninety-day period had run. Thus, the Court is unable to conclude that plaintiff was prejudiced by the Equal Employment Opportunity Commission settlement herein; his right to sue had been lost long before he challenged the propriety of the Equal Employment Opportunity Commission's actions herein.
Plaintiff has also asserted 28 U.S.C. § 1343, in conjunction with 42 U.S.C. §§ 1981 and 1983 as a jurisdictional basis. In addition, plaintiff refers to the Thirteenth and Fourteenth Amendments as providing a jurisdiction. It is clear that the Thirteenth and Fourteenth Amendments do not provide jurisdiction under the circumstances of this case. Cf., Nelson v. General Motors Corporation, No. 77-1100 C (3) (E.D.Mo. December 20, 1977).
Plaintiff has obviously failed to state a claim based upon 42 U.S.C. § 1983. *358 No state action is alleged. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).
Defendant General Motors Corporation has also asserted that plaintiff's claim based upon 42 U.S.C. § 1981 is barred by the applicable statute of limitations. The Court agrees. Plaintiff's charge before the Equal Employment Opportunity Commission asserts that he was discharged on August 19, 1971. This suit is based upon that discharge. Under such circumstances, plaintiff's claim is barred by the applicable five-year statute of limitations. Green v. Carter Carburetor Co., 532 F.2d 125 (8th Cir. 1976).