Anna M. MENN

v.

AMSTAR CORPORATION.

Civ. A. No. M–78–1650.

United States District Court,
D. Maryland.

Sept. 11, 1979.

Stuart M. Salsbury, Baltimore, Md., for plaintiff.

Stanley G. Mazaroff, and George W. Johnston, Baltimore, Md., for defendants.

## MEMORANDUM AND ORDER

JAMES R. MILLER, Jr., District Judge.

This action is brought by plaintiff under Title VII of the Civil Rights Act of 1964 alleging sex discrimination in the termination of her employment with defendant corporation. Defendant has filed a motion to dismiss, asserting that plaintiff failed to file timely her complaint in this court within 90 days of notice of right to sue from the EEOC, 42 U.S.C. § 2000e–5(f)(1).

## I. FACTUAL BACKGROUND

Plaintiff Menn timely filed with the EEOC a complaint against her former employer, the Amstar Corporation, alleging sexually discriminatory discharge. The Commission investigated the complaint and issued a determination of no reasonable cause. This finding, along with a notice of right to sue, was sent to the plaintiff's home by certified mail, return receipt requested, on November 18, 1977. Although Ms. Menn received notices concerning the certified letter, she failed to pick it up, and the letter was returned to the Commissioner as unclaimed on December 4, 1977. Apparently the reason that the plaintiff failed to claim the letter is that she thought it was sent by her bank in reference to possible foreclosure on her home.

On November 28, 1977, and January 13, 1978, Ms. Menn visited the EEOC's Baltimore District Office to inquire about the status of her case. At these meetings she was informed that a "no-reasonable cause" finding was being recommended in her case, but she apparently was never advised that her file had been closed or that a determination and 90 day letter had been sent.

On February 23, 1978, Ms. Menn wrote to the EEOC to complain about the delay in processing her complaint. On March 13, 1978, the Commission responded by regular mail by sending Ms. Menn a letter informing her that her charge had been processed and that the determination letter had been sent out on November 18, 1977. A copy of the determination letter and Notice of Right to Sue were enclosed in the letter.

On April 17, 1978, Ms. Menn wrote back to the Commission to request an extension of her "right-to-sue" period. The Commission responded by informing her that there was no procedure to extend the time period, and that "If you are planning on filing a civil action, you must do so within that 90 days period." (Defense Ex. F) It is unclear whether the 90-day period mentioned in this correspondence refers to the period starting November 18, 1977, or a period of time running from the actual receipt of the copy of the notice which was sent out on March 13, 1978. On June 2nd the EEOC office sent Ms. Menn another copy of her Notice of Right to Sue, apparently in response to a phone call from Ms. Menn. This copy was sent by certified mail, returned receipt requested, and was claimed by Ms. Menn on June 6, 1978.

Ms. Menn filed this action *pro se* on September 5, 1978. This date is 91 days after the June 6th receipt, the 90th day having been Labor Day. The question now before

the court on motion of the defendant is whether this action should be dismissed as being untimely filed.

## II. LEGAL ANALYSIS

■ Under the applicable provisions of the Equal Employment Opportunity Act, in cases where the Commission finds no reasonable cause of action on a complaint filed, the Commission "shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (a) by the person claiming to be aggrieved . . ." 42 U.S.C. § 2000e–5(f)(1). This 90-day period is a jurisdictional pre-requisite. *Garner v. E. I. Dupont De Nemours & Co.*, 538 F.2d 611 (4th Cir. 1976). The required Notice of Right to Sue is deemed to be given when it is actually received; mere dispatch is not sufficient. *York v. Celanese Fibers Co.*, 416 F.Supp. 441 (D.Md.1976). Thus actual notice is required before the 90 day period in which filing is allowed begins to run. The question in the present case is when the 90 day period commenced in order to decide whether the complaint was timely filed.

## III. CASE ANALYSIS

■ There are 3 distinct dates which must be examined in determining the timeliness of this complaint. These are as follows:

1. November 19, 1977, the date when the notice of the November 18, 1977, certified mailing was first left for the plaintiff;

2. March 13, 1978, the date when the plaintiff was sent a copy of the November 18, 1977, notice by ordinarily mail; and

3. June 6, 1978, the date when the plaintiff received the certified mailing of the copy of the right to sue notice.

It should be noted at the outset that this action is timely only if the June 6, 1978, date is the appropriate date to start the running of the 90-day period.

The defense initially contends that the November 19, 1977, date should be applicable. This argument is based on the fact that notice of the certified mailing of the Right to Sue letter was properly delivered to the plaintiff's home address on that date, yet the plaintiff failed to claim the letter, thereby evading delivery. In response, the plaintiff contends that she had no intent to "evade" delivery; rather she was eager to proceed with her case, as evidence by her continued contact with the EEOC office. Ms. Menn explains her failure to claim the certified mailing as resulting from a mistaken belief that the letter contained a foreclosure notice.

The defense argument is based on the doctrine of constructive receipt. The courts, however, have held the EEOC notice requirements refer to actual notice. *York v. Celanese Fibers Co., supra.* Further, the doctrine of constructive receipt has specifically been held not to apply to notification procedures in Title VII suits. *Franks v. Bowman Transportation Co.*, 495 F.2d 398 (5th Cir. 1974), *rev'd on other grounds* 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976); *Archie v. Chicago Truck Drivers*, 585 F.2d 210 (7th Cir. 1978). Thus the November 19, 1977, notice to plaintiff of the certified mailing cannot reasonably be construed to be notice of the contents of that mailing so as to trigger the running of the 90-day filing period.

The second contention of the defendant is that the March 13, 1978, letter to the plaintiff, which contained a copy of the November 18, 1977, Right to Sue notice, constituted proper notice to the plaintiff. In response, the plaintiff asserts that this letter was properly interpreted by her to be verification of the original issuance rather than actual notice to the plaintiff. The resolution of these contentions turns upon a careful analysis of the facts.

The March 13, 1978 letter, contained a copy of the November 18, 1977, Notice of Rights to Sue. If the November 18, 1977, notice had been properly delivered on that date, plaintiff's right to institute her suit would have expired on February 16, 1978. Upon receiving the March 13th letter, plaintiff responded on April 17, 1978, by request-

ing "an extension for [her] right to sue". (Defense Exhibit D). The EEOC answered on April 28, 1978, that, "there is no procedure for extending the time period of a Notice of Right to Sue." (Defense Exhibit F).

When this sequence of events is examined in context, it appears that the plaintiff's letter of April 17, 1978, was a request for an extension based on the November 18, 1977, date appearing on the Right to Sue Notice which she had belatedly received. Since the 90 day period from the November 18, 1977, issuance had already expired, the plaintiff was seeking an extension, which was subsequently denied. Given this factual framework, it is not reasonable to interpret the March 13, 1978, mailing of the copy of the notice as a new notification which triggered the running of a 90-day period. The plaintiff certainly did not treat it as such. In addition, it does not seem that the EEOC actually intended this to be a new notification at the time it was mailed, as its normal mailing procedure would appear to have required sending notice by certified mail, return receipt requested. EEOC Compliance Manual, Vol. 1, § 4.2(c) (June 13, 1978, clarification of former policy). Thus the March 13, 1978, date cannot fairly be construed as giving plaintiff notice that she had 90 days in which to institute an action.

The June 6, 1978, date upon which the plaintiff picked up the certified mailing of the Notice of Right to Sue is the only date which can properly be held to constitute notice to the plaintiff of the 90-day period in which to file an action. Ms. Menn filed her complaint in this action on September 5, 1978, 91 days after receipt of the notice. Since September 4th was Labor Day, the filing period was extended to the next day. Therefore this action was timely filed. *Pearson v. Furnco Const. Co.,* 563 F.2d 815 (7th Cir. 1977).

■ The Defense claims that even if this suit was timely filed the equitable doctrine of laches should constitute grounds for dismissal (Defense Brief, p. 6). There are two elements required to invoke the equitable doctrine of laches in EEOC cases:

1. An unreasonable delay in bringing an action, and

2. Resulting prejudice to the employer. *Albemarle Paper Co. v. Moody,* 422 U.S. 405 at 424, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975). Courts have strictly interpreted these requirements, thus necessitating a showing of prejudice or misconduct. *EEOC v. South Carolina National Bank,* 562 F.2d 329 at 333 (4th Cir. 1977).

■ In the present case the facts discussed above reveal that the plaintiff's delay in filing this action resulted initially from her lack of knowledge of her right to sue, and later from her confusion regarding the timeliness of her complaint. There is no factual support for the contention that the plaintiff intentionally delayed this action. The doctrine of laches is, therefore, inapplicable in these circumstances.

## IV. CONCLUSION

This court finds that this action was timely filed by the plaintiff, and the court having found no applicable equitable ground for dismissal, it is ORDERED this 11th day of September, 1979, by the United States District Court for the District of Maryland, that the defendant's Motion to Dismiss is DENIED.