Theodore **PARKER**

v.

**CROWN, CORK & SEAL COMPANY, INC.**

Civ. A. No. M–80–2839.

United States District Court,
D. Maryland.

April 20, 1981.

---

Norris C. Ramsey, Baltimore, Md., for plaintiff.

George D. Solter, Richard J. Magid, and Francis John Gorman of Whiteford, Taylor, Preston, Trimble & Johnston, Baltimore, Md., for defendant.

## MEMORANDUM AND ORDER

JAMES R. MILLER, Jr., District Judge.

The plaintiff, Theodore Parker, brought this Title VII action alleging that he was harassed and terminated from his job because of his race. The defendant, Crown, Cork & Seal Company, Inc. (Crown), has moved for summary judgment on the grounds that Parker did not file his complaint in this action within the 90-day period required by 42 U.S.C. § 2000e–5(f)(1). Parker has filed a memorandum opposing Crown's motion. The material facts necessary for a resolution of this motion are undisputed. Since only a legal question is presented, the court concludes that no hearing is necessary. Local Rule 6(E).

*I. Factual Overview*

On July 15, 1977, Parker was permanently discharged by Crown. (Paper No. 14, Ex. 4). On October 3, 1977, he filed a discrimination charge with the Equal Employment Opportunity Commission (EEOC), alleging racially motivated harassment and termination by Crown (Paper No. 15, Ex. B; see Paper No. 14, Ex. 7). By letter dated October 19, 1977, the Maryland Commission on Human Relations (MCHR) notified Parker that his charge had been deferred to it for

investigation (Paper No. 14, Ex. 6). The MCHR issued a written decision on September 20, 1978, finding no probable cause to believe that Parker had been terminated or harassed by Crown because of his race (Paper No. 14, Ex. 8).

On November 9, 1978, the EEOC issued a "Letter of Determination," addressed to Parker, Crown, and Parker's union, stating that there was no reasonable cause to believe that Parker's charge of racial discrimination was true. The letter also stated:

"Should the Charging Party wish to pursue this matter further, he/she may do so by filing a private action in Federal District Court within 90 days of the receipt of this letter, and by taking the other procedural steps set out in the enclosed NOTICE–OF–RIGHT TO SUE."

Paper No. 14, Ex. 10.

A "Notice of Right to Sue" was issued by the EEOC on November 9, 1978. It was addressed to Parker at 1316 South Hanover Street, Baltimore, Maryland 21230, and to Crown at its corporate offices (Paper No. 14, Ex. 9). A second "Notice of Right to Sue," dated July 25, 1980, was issued to Parker and a copy was sent to Parker's lawyer (Paper No. 14, Ex. 11). This action was filed on October 27, 1980 (Paper No. 1). Parker's deposition establishes that he received the first "Notice of Right to Sue" by mail shortly after it was issued by the EEOC (Paper No. 14, at pp. 134–39).

*II. Discussion*

Crown contends that since the first "Notice of Right to Sue" was issued by the EEOC on November 9, 1978, and received by Parker shortly thereafter, the filing of the present case on October 27, 1980, is untimely under 42 U.S.C. § 2000e–5(f)(1) because the 90-day period had expired. According to Crown, the second "Notice of Right to Sue" was without legal effect and did not operate to begin a new 90-day period.

Parker does not challenge directly Crown's contention that the 90-day period began to run from his receipt of the first notice. Instead, Parker contends (1) the

filing of the purported class action in *Randy Pendleton et al. v. Crown, Cork & Seal Co., Inc.*, Civil Action No. M–78–1734, tolled the limitations period for all members of the classes proposed in that case; (2) the period of limitations did not commence to run again on the discrimination claims of the putative class members until the court issued its Memorandum and Order of September 4, 1980, denying the remaining class certification issues; and (3) as a member of the putative classes, he had 90 days from the court's Memorandum and Order of September 4, 1980, in which to file his individual Title VII suit. For the reasons set out below the court will grant Crown's motion for summary judgment.

It is well settled in this Circuit that unless tolled "on recognized equitable grounds," *Stebbins v. Nationwide Mutual Insurance Co.*, 469 F.2d 268, 269 (4th Cir. 1972), *cert. denied*, 410 U.S. 939, 93 S.Ct. 1403, 35 L.Ed.2d 606 (1973), the running of the 90-day period set out in 42 U.S.C. § 2000e–5(f)(1) extinguishes forever an individual's right to bring a private Title VII action. *E. g., EEOC v. Cleveland Mills Co.*, 502 F.2d 153, 156 (4th Cir. 1974); *Bailey v. Boilermakers Local 667*, 480 F.Supp. 274, 282 (D.C.N.D.W.Va.1979). Consequently, if a suit is not commenced within 90 days from the receipt by the claimant of the "Notice of Right to Sue" the court is without jurisdiction to entertain the action. *Menn v. Amstar Corp.*, 476 F.Supp. 303, 305 (D.C.D.Md.1979). *See Garner v. E. I. Du Pont De Nemours & Co.*, 538 F.2d 611, 614–15 (4th Cir. 1976).

The undisputed evidence submitted by Crown demonstrates that Parker in fact received the first "Notice of Right to Sue" more than 90 days before the instant suit was filed. Parker has not alleged any equitable considerations militating in favor of giving effect to the second notice. *See, e. g., Trujillo v. General Electric Co.*, 621 F.2d 1084, 1086–87 (10th Cir. 1980); *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 245–46 (5th Cir. 1980). The court concludes, therefore, that the second notice was with-

out legal effect and Parker's 90-day period within which to file a private Title VII suit commenced to run upon his receipt of the first notice. *See, e. g., Cleveland v. Douglas Aircraft Co.,* 509 F.2d 1027, 1030 (9th Cir. 1975); *Ford v. General Motors Corp.,* 452 F.Supp. 355, 357 (D.C.E.D.Mo.1978); *Fannie v. Chamberlain Mfg. Corp.,* 445 F.Supp. 65, 78 (D.C.W.D.Pa.1977).

A more substantial issue is whether the filing of the class based claims in the *Pendleton* case tolled the period of limitations, with respect to Parker's filing of his individual action, until the class certification motions in *Pendleton* were denied. Parker contends that as a member of the classes proposed in *Pendleton,* he may borrow any tolling that occurred in that case and use it for the purposes of this case. In support of this argument, Parker urges this court to interpret broadly the Supreme Court's holding in *American Pipe & Construction Co. v. Utah,* 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974).

*American Pipe* involved a private antitrust class action that had been filed eleven days before the running of the statute of limitations. The trial court subsequently denied the class certification motion on the ground that the purported class failed to satisfy the numerosity requirement of Rule 23(a)(1). Eight days after the entry of the order denying class status, a number of the putative class members moved to intervene as plaintiffs. The trial court denied their motions as untimely.

Reasoning that a refusal to toll the statute of limitations with respect to the claims of the putative class members, for the period between the filing of the suit and the trial court's ruling on the class certification motion, would result in the filing of numerous intervention petitions prior to the class determination, the Court held that

> "the commencement of the original class suit tolls the running of the statute for all purported members of the class *who make timely motions to intervene after the court has found the suit inappropriate for class action status."*

414 U.S. at 553, 94 S.Ct. at 766 (emphasis supplied).

Some Circuit Courts have suggested, *see, e. g., In re Fine Paper Litigation,* 632 F.2d 1081, 1087 (3d Cir. 1980); *Sussman v. Lincoln American Corp.,* 587 F.2d 866, 869 (7th Cir. 1978), *cert. denied, Eberstadt v. Flamm,* 445 U.S. 942, 100 S.Ct. 1337, 63 L.Ed.2d 775 (1980), and some District Courts have apparently held, *see, e. g., Gramby v. Westinghouse Electric Corp.,* 84 F.R.D. 655, 662 (D.C.E.D.Pa.1979); *Green v. United States Steel Corp.,* 481 F.Supp. 295, 299 (D.C.E.D. Pa.1979); *Nelson v. United Credit Plan, Inc.,* 77 F.R.D. 54, 58 (D.C.E.D.La.1978); *Bantolina v. Aloha Motors, Inc.,* 419 F.Supp. 1116, 1121–22 n.19 (D.C.D.Hawaii 1976), that the Supreme Court's decision in *American Pipe* created a broad, general rule that the statutes of limitation are tolled with respect to the claims of all putative class members until the trial court rules on the class certification motion. In effect, these cases suggest that a putative class member may take advantage of the tolling arising from the class suit, and maintain an independent action subsequent to the denial of the class certification motion, notwithstanding that such individuals did not seek to intervene in the original class suit.

Although there is dictum in *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 176 n.13, 94 S.Ct. 2140, 2152 n.13, 40 L.Ed.2d 732 (1974), suggesting such a reading of *American Pipe* as applied to Rule 23(b)(3) suits, neither the facts nor the reasoning of *American Pipe* support the broad rule urged by Parker with respect to Title VII suits seeking class status under Rule 23(b)(2). The Court in *American Pipe* was concerned that if notice to members of a putative Rule 23(b)(3) class "did not reach them until after the running of the limitation period," such persons would be compelled to file intervention motions prior to the class certification decision, thereby creating "the multiplicity of activity which Rule 23 was designed to avoid." 414 U.S. at 551, 94 S.Ct. at 765. The decision to allow intervention by class members subsequent to the trial court's decision to deny class status was held to be fair to the defendant because:

"Within the period set by the statute of limitations, the defendants have the essential information necessary to determine both the subject matter and size of the prospective litigation, *whether the actual trial is conducted in the form of a class action, as a joint suit, or as a principal suit with additional intervenors.*"

414 U.S. at 555, 94 S.Ct. at 767 (footnote omitted) (emphasis supplied).

■ The conclusion that the benefit of the *American Pipe* tolling rule is limited to those class members who seek to intervene in the original class suit, and is inapplicable to independent suits on which the statute of limitations has otherwise run, has been reached by a number of courts. *See, e. g., Stull v. Bayard*, 561 F.2d 429, 433 (2d Cir. 1977), *cert. denied*, 434 U.S. 1035, 98 S.Ct. 769, 54 L.Ed.2d 783 (1978); *Arneil v. Ramsey*, 550 F.2d 774, 783 (2d Cir. 1977); *Gluck v. Amicor, Inc.*, 487 F.Supp. 608, 614–15 (S.D.N.Y.1980); *Jefferson v. H. K. Porter Co.*, 485 F.Supp. 356, 360–61 (D.C.N.D.Ala. 1980); *Wachovia Bank & Trust Co. v. National Student Marketing Corp.*, 461 F.Supp. 999, 1012 (D.C.D.C.1978). In addition, Part II of Judge Widener's opinion in *Paxman v. Campbell*, 612 F.2d 848, 855 (4th Cir. 1980) (en banc), in which all members of the court except for Judge Phillips concurred, suggests that if presented with the question, the Fourth Circuit would limit the rule of *American Pipe* to class members seeking to intervene in the original suit. *See also 3B Moore's Federal Practice* ¶ 23.-90[3] at 23–555 to 23–556 n.16 (1980) ("Although the statute of limitations is tolled by the filing of a class action for purposes of permitting a member of the purported class to intervene after the class has been disallowed, it is doubtful that a class member will be permitted to bring an individual action after the statute of limitations has run.").

■ Finally, the interpretation of *American Pipe* urged by Parker is unsupportable from a policy standpoint. Although relief under Title VII may be awarded on a class basis to those unnamed class members who have not exhausted their administrative remedies, *see, e. g., Franks v. Bowman Transportation Co., Inc.*, 424 U.S. 747, 771, 96 S.Ct. 1251, 1267, 47 L.Ed.2d 444 (1976); *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 414 n.8, 95 S.Ct. 2362, 2370 n.8, 45 L.Ed.2d 280 (1975), the rule urged by Parker would eviscerate Title VII's time limitations concerning suits brought by individual claimants. Under Parker's theory, if a broad based Title VII class action suit were filed against a particular defendant the period of limitations on all claims would be tolled. Once the trial court denied class status in the original suit, that defendant would be subject to untold numbers of individual Title VII suits brought by persons who had not timely pursued their administrative remedies.

In light of the purposes underlying Title VII's time limitations, this court doubts that the Supreme Court would sanction, or that Congress intended, the result urged by Parker. The court holds, therefore, that the tolling rule of *American Pipe* is applicable only to Title VII class members who seek intervention in the original suit. Consequently, Parker's 90-day period for filing suit was not tolled by the *Pendleton* suit, and his filing of the instant case on October 27, 1980, was untimely.

Accordingly, it is this 20th day of April, 1981, *ORDERED*:

(1) Crown's motion for summary judgment is GRANTED.

(2) The Clerk is instructed to forward a copy of this Memorandum and Order to counsel for the parties.