Theodore PARKER, Appellant,

v.

CROWN, CORK AND SEAL COMPANY, INC., Appellee.

No. 81–1465.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 7, 1981.

Decided April 23, 1982.

---

Norris C. Ramsey, Baltimore, Md., for appellant.

Richard J. Magid, Baltimore, Md. (George D. Solter, Francis John Gorman, Baltimore, Md., on brief), for appellee.

Before WINTER, Chief Judge, and PHILLIPS and MURNAGHAN, Circuit Judges.

HARRISON L. WINTER, Chief Judge:

The question we must decide is whether the running of the ninety-day statutory period, fixed by 42 U.S.C. § 2000e–5(f)(1), in which plaintiff could commence his private Title VII action to redress alleged racial discrimination in employment was tolled during the period that there was pending a class action in which plaintiff was a member of the putative class but in which class certification was denied and the action subsequently dismissed. The district court

ruled that the running of the period was not tolled. 514 F.Supp. 122. We conclude otherwise. We reverse and remand for further proceedings.

## I.

Plaintiff, a black male, was discharged by defendant on July 15, 1977. He duly filed a charge of discrimination with EEOC, alleging racially motivated harassment and termination. A right-to-sue letter issued on November 9, 1978.

Meanwhile, however, a class action against defendant alleging racial discrimination in employment in violation of Title VII was filed September 15, 1978. Plaintiff was a member of the putative class, and his claim was encompassed within the scope of the action. On July 13, 1979, a hearing was held and the court ruled on some, but not all, of the class certification issues. On September 4, 1980, the court finally denied class certification. The allegations of classwide harassment were denied for lack of numerosity, and those of illegal termination because the named plaintiff, a probationary employee, was not representative of the class.

Plaintiff took no action to intervene as a named plaintiff in the class action; nor did he seek to file an individual suit until after the class certification was denied. Plaintiff filed his own suit on October 27, 1980.[1]

He was promptly met by a motion for summary judgment on the ground that his suit was untimely since his right-to-sue notice issued November 9, 1978, and he did not file suit until October 27, 1980. Of course, as a factual matter, if the ninety-day statutory period for bringing suit was tolled until class certification was finally denied, unquestionably plaintiff instituted suit before the bar of the statute.

The district court granted summary judgment for defendant, ruling that plaintiff's

1. On February 26, 1981, the class action was settled by the named plaintiffs and defendant, and it was dismissed with prejudice on March 2, 1981. On March 30, 1981, plaintiff sought and was granted leave to intervene in the class action for the sole purpose of appealing the denial of class certification. His notice of appeal, however, was untimely and so we lack jurisdiction to consider the merits of the denial.

right to file suit began to run on November 9, 1978, when he received his right-to-sue notification and that the running of the period was not tolled by the pendency of the intervening class action so as to permit plaintiff to file his own suit, although it would have tolled the running of the period had plaintiff sought to intervene in the putative class action after certification was denied.

## II.

■■■ As the district court recognized, the decision in this case depends upon the reading to be given to *American Pipe and Construction Co. v. Utah*, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974). There, the Court held that "the commencement of the original class action tolls the running of the statute for all purported members of the class who make timely motions *to intervene* after the court has found the suit inappropriate for class action status." *Id.* at 552–53, 94 S.Ct. at 765–66 (emphasis added). The Court has not applied the holding in *American Pipe* in any other context, but in *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974), in deciding that notice must be sent to all members of a Rule 23(b)(3) class action because, *inter alia*, members of the class have a right to "opt out" of the class, the Court noted:

> Petitioner also argues that class members will not opt out because the statute of limitations has long since run out on the claims of all class members other than petitioner. This contention is disposed of by our recent decision in *American Pipe* ... which established that commencement of a class action tolls the applicable statute of limitations as to all members of the class.

*Id.* 417 U.S. at 176 n.13, 94 S.Ct. at 2152 n.13, 40 L.Ed.2d at 748 n.13. So stated, the rule in *American Pipe* is not limited to intervenors but applies to all members of the class, or at least to those who "opt out" and, presumably, file individual suits during the pendency of the class action.

Whether to give the holding in *American Pipe* a broad reading to toll the statute so as to permit the filing of individual suits or to restrict it to cases where erstwhile time-barred plaintiffs seek only intervention has been the subject of conflicting adjudications in the district courts. *Compare, e.g., Green v. United States Steel Corp.*, 481 F.Supp. 295, 299 (E.D.Pa.1979) with *Gluck v. Amicor, Inc.*, 487 F.Supp. 608, 614–15 (S.D.N.Y. 1980).

Among the circuits, only *Arneil v. Ramsey*, 550 F.2d 774, 782–83 (2 Cir. 1977), and *Stull v. Bayard*, 561 F.2d 429, 433 (2 Cir. 1977), *cert. denied*, 434 U.S. 1035, 98 S.Ct. 769, 54 L.Ed.2d 783 (1978) have directly decided the issue of whether the tolling rule of *American Pipe* is limited to intervention and both held that it was. However, in applying *American Pipeline* in other contexts, both *Susman v. Lincoln American Corp.*, 587 F.2d 866, 869 (7 Cir. 1978), *cert. denied*, 445 U.S. 942, 100 S.Ct. 1336, 63 L.Ed.2d 775 (1980), and *In re Fine Paper Litigation*, 632 F.2d 1081, 1087 (3 Cir. 1980) stated the tolling rule broadly enough to include new suits as well as motions to intervene in the aborted class action.

With due respect to the views of the Second Circuit, we think that *American Pipe* should be read to toll limitations with respect to a new suit as well as to a motion to intervene. The rationale of any statute of limitations is to put a defendant on notice of a claim with reasonable promptness so that defense evidence is not lost, memories have not faded and witnesses have not disappeared. *Order of Railroad Telegraphers v. Railway Express Agency, Inc.*, 321 U.S. 342, 348–49, 64 S.Ct. 582, 586, 88 L.Ed. 788 (1943). Where plaintiff's individual complaint is within the scope of the putative class action, those purposes are fully served since the defendant has "sufficient information within the statutory period to timely apprise [it] ... of the nature and scope of the prospective litigation." *Haas v. Pittsburgh National Bank*, 526 F.2d 1083, 1097 n.19 (3 Cir. 1975).[2] Therefore, inter-

**2.** In *American Pipe*, class certification was de-    nied solely for lack of numerosity. But the

**394**

vention is not barred by the statute of limitations, and it seems to us to exalt form over substance to say that intervention would be permitted but not institution of a new suit.

Moreover, such a rule would encourage the filing of individual suits or interventions by members of the putative class while the issue of class certification was unresolved,[3] adding additional burden and expense to the defendant.[4] In addition, intervention is often at the discretion of the district court, Rule 24(b), F.R.Civ.P., and intervention may be denied if it will defeat the jurisdiction of the district court, if additional or extrinsic issues would be brought in by the intervenor, or if intervention would delay or prejudice adjudication of the rights of the original parties. 3B Moore's Federal Practice ¶ 24.10[4] (1980). Thus the rule of *American Pipe*, if limited to intervenors, might achieve the inequitable result of allowing some putative members of the class to obtain an adjudication of their claims while excluding others.

Thus we are persuaded that the correct reading of *American Pipe* is that the pendency of a putative class action tolls the running of limitations for members of the putative class both for purposes of intervention and the filing of a new suit based upon a cause of action embraced within the putative class action until certification of the class is denied. We so hold.

REVERSED AND REMANDED.

court in *Haas* applied the tolling rule of *American Pipe* in a situation where, as here, class certification was denied because the named plaintiff was not representative of his class, reasoning that the defendant is put on sufficient notice of the prospective issues so long as the members of the class and their claims have been identified by the filing of the class action. 526 F.2d at 1097.

**3.** A putative class member preferring an individual suit to joining the representatives of the class if it fails would be forced to file a protective action before the statute of limitations had run on his individual claim. Even if a plaintiff would be content to intervene after a denial of certification, the prudent plaintiff would nonetheless intervene before the class issue is decided; if the representatives settle their claims after certification is denied, there would obviously be no suit in which to intervene.

**4.** In *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 97 S.Ct. 2464, 53 L.Ed.2d 423 (1977), in holding that plaintiff, a putative member of the class, was entitled to intervene after judgment to appeal the denial of certification, the Court said in support of its holding that a contrary decision would "induce putative class members to file protective motions to intervene to guard against the possibility that the named representatives might not appeal from the adverse class determination . . . . The result would be the very 'multiplicity of activity which Rule 23 was designed to avoid.' " *Id.* at 394 n.15, 97 S.Ct. at 2470 n.15 (quoting *American Pipe & Construction Co. v. Utah, supra,* 414 U.S. at 551, 94 S.Ct. at 765.) So, too, it can be said in the instant case that the effect of a contrary holding would violate the spirit and purpose of class action Rule 23.